CRAIG B. GARNER (CA SBN 177971)
GARNER HEALTH LAW CORPORATION
13274 Fiji Way, Suite 250
Marina Del Rey, CA 90292
Telephone: (310) 458-1560
Facsimile: (310) 694-9025
Email: craig@garnerhealth.com

ROCHELLE J. BIOTEAU (CA SBN 228348)
SQUIRES, SHERMAN & BIOTEAU, LLP
1901 1ST Ave., Suite 415
San Diego, CA 92101
Telephone: (619) 696-8854
Email: rochelle@ssbllp.com

DARON L. TOOCH (CA SBN 137269)
KING & SPALDING LLP
533 West  Fifth St., Suite 1600
Los Angeles, CA 90071
Telephone:  (213) 443-4355
Email:  dtooch@kslaw.com

Attorneys for PLAINTIFF ABC SERVICES GROUP, INC., in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; OPTUM SERVICES, INC; | Lead Case No. 8:19−cv−00243-DOC-DFM<br><br>Hon. David O. Carter<br><br>**EXHIBITS TO CONSOLIDATED AMENDED COMPLAINT**<br><br>**VOLUME TWO** |

USABLE MUTUAL INSURANCE
COMPANY, doing business as
ARKANSAS BLUE CROSS AND
BLUE SHIELD and BLUE CROSS
AND BLUE SHIELD OF ARKANSAS
BLUE ADVANTAGE; BLUE CROSS
AND BLUE SHIELD OF KANSAS,
INC.; BLUE CROSS AND BLUE
SHIELD OF KANSAS CITY;
HEALTH CARE SERVICE
CORPORATION, doing business as
BLUE CROSS AND BLUE SHIELD
OF OKLAHOMA; BLUE CROSS
AND BLUE SHIELD OF ALABAMA;
ANTHEM BLUE CROSS LIFE AND
HEALTH INSURANCE COMPANY;
ANTHEM, INC., dba ANTHEM
HEALTH, INC.; BLUE CROSS OF
CALIFORNIA, INC.; HUMANA
HEALTH PLAN OF CALIFORNIA,
INC.; HUMANA BEHAVIORAL
HEALTH, INC.; HUMANA, INC.;
HUMANA INSURANCE COMPANY;
AETNA HEALTH AND LIFE
INSURANCE COMPANY;
BLUECROSS BLUESHIELD OF
TENNESSEE, INC.; SCOTT AND
WHITE HEALTH PLAN; SCOTT
AND WHITE HEALTHCARE;
SCOTT AND WHITE CARE PLANS;
CIGNA HEALTHCARE OF
CALIFORNIA, INC.; CIGNA
BEHAVIORAL HEALTH OF
CALIFORNIA, INC.; CIGNA
HEALTH AND LIFE INSURANCE
COMPANY; HMC HEALTHWORKS,
INC.; UNITED MEDICAL
RESOURCES, INC.;
CONNECTICARE, INC.; MEDICA
HEALTH PLANS, doing business as
MEDICA; PACIFICSOURCE
HEALTH PLANS; SIERRA HEALTH
AND LIFE INSURANCE COMPANY,
INC.; MEDICAL MUTUAL OF OHIO;
MEDICAL MUTUAL SERVICES,
LLC; GROUP HEALTH PLAN, INC.,
doing business as
HEALTHPARTNERS; GOLDEN

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

RULE INSURANCE COMPANY;
AMERIHEALTH INSURANCE
COMPANY OF NEW JERSEY, doing
business as AMERIHEALTH NEW
JERSEY; MERITAIN HEALTH, INC.;
BEACON HEALTH OPTIONS, INC.;
BEACON HEALTH STRATEGIES,
LLC; VALUEOPTIONS OF
CALIFORNIA, INC.; COVENTRY
HEALTH CARE, INC.; MHNET
SPECIALTY SERVICES, LLC;
COMMON GROUND HEALTHCARE
COOPERATIVE; PROVIDENCE
HEALTH PLAN; PROVIDENCE
HEALTH ASSURANCE;
PROVIDENCE HEALTH &
SERVICES; FIRST HEALTH
INSURANCE CORPORATION;
HEALTHLINK, INC.; MOLINA
HEALTHCARE, INC.; and MOLINA
HEALTHCARE OF CALIFORNIA,
INC.,

                    Defendants.

16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 6





Client Nam[...]

## CLINICAL ADMISSION AND FINANCIAL AGREEMENT

Morningside Recovery, LLC ("*Morningside*") is a provider of alcohol, drug and mental health treatment. Services are provided on a *voluntary* basis only. This Clinical Admission and Financial Agreement ("*Agreement*") entered into on [...] (the "*Effective Date*") by and between Morningside and [...] ("*Client*") and, additionally, if applicable, [...] ("*Guarantor(s)*"), the party or parties who, along with Client, are responsible for paying for services provided to Client from Morningside, sets forth all of the terms and conditions, including financial obligations, between the parties.

### 1.  TERM

*Initial Term.* Conditioned upon Client and Guarantor, if applicable, complying with all of the terms and conditions set forth herein, Client shall receive clinical treatment services Monday through Saturday (no services are provided on Sundays) ("*Treatment Days*") over a period of 30 calendar days (the "*Initial Term*"), beginning on [...] (the "*Program Admission Date*").

*Automatic Renewal.* This Agreement shall automatically renew for the same number of days as the Initial Term set forth above following the expiration of the Initial Term and each term after the Initial Term (each a "*Renewal Term*"), unless a party gives written notice of its intent not to renew this Agreement prior to the expiration of the Initial Term or any Renewal Term of the Agreement.

### 2.  DETOXIFICATION

Client must be free of drugs and alcohol while in treatment at Morningside. While Morningside does **NOT** provide detoxification services, it has relationships with a number of local detox facilities and will refer Client to one of these facilities, if necessary. However, all charges for detox, whether before or after Client's admission to Morningside, shall be the sole responsibility of Client and Guarantor, if applicable.

### 3.  CLIENT'S/GUARANTOR'S REPRESENTATIONS AND WARRANTIES

By signing this Agreement, Client and Guarantor, as applicable, represent and warrant to Morningside the following:

- Client does not require an intense level of care, including, but not limited to, seclusion and restraint, which Morningside does not provide.
- Client is medically stable and is able to self-administer and manage his or her medication(s) as prescribed by his or her physician(s).
- Client will adhere to their treatment plan and individual directions for therapy from their primary therapist to the best of their ability.
- Client understands that active participation in group therapy is essential to recovery as it identifies the particular form of addiction and or mental health issues in each individual client and specific issues necessary for recovery. Client agrees to participate in group therapy as openly and honestly as possible so that Morningside staff and other clients may assist Client in recovery.
- Client must actively participate in all facets of the recovery program, including attending therapeutic group sessions

Client Name:

(process, education and therapeutic groups) individual therapeutic sessions, family sessions (as needed), random drug testing, self-help groups/12 step- meetings, ancillary services and community referrals.

- If Client engages in aggressive behavior, including, but not limited to, self-destructive behavior and destruction of property, Morningside will address such behavior according to its policies and procedures.
- Client and Guarantor agree to keep all financial terms set forth in this Agreement confidential.
- Client is individually obligated to pay all fees and costs set forth in this Agreement whether or not any Guarantor is a party to this Agreement.
- Guarantor has no right to access a Client's protected health information, including progress in treatment, unless otherwise allowed under law. Information about a Client will only be released to Guarantor if Client has signed a valid Consent for Release of Information.

## 4. COVERED SERVICES

This section sets forth the services Morningside will provide and/or arrange for Client (*"Covered Services"*):

- Initial evaluation with a licensed psychiatrist and additional psychiatric follow-up visits, as needed
- Creation of and support following an individualized clinically appropriate treatment plan
- Therapy: including individual and group
- Access to a registered dietician
- Access to a designated case manager
- Evening meetings and/or group activities
- Periodic experiential therapy sessions as recommended by the Client's treatment plan (e.g., yoga, acupuncture, drum circle, sweat lodge, psychodrama, tai chi, expressive arts and music expression)
- Access to gym and personal trainer
- Community building activities
- Vocational services (*e.g.*, resume review and interviewing skills)
- Transition planning
- Alumni services (*e.g.*, alumni social events for local alumni)
- For private pay Clients only- Costs associated with drug screenings, as described in more detail in Section 6.

## 5. ADDITIONAL SERVICES

Subject to the Client's express agreement, Morningside may make available and/or provide for Client additional services (***"Additional Services"***).

Additional Services are not Covered Services covered by the Services Fee (defined below). Client and Guarantor, if applicable, will be responsible for the cost of the Additional Services, as applicable, that Client selects and receives on a fee-for-services basis, as set forth in Section 11.

## 6. ALCOHOL/DRUG TESTING

***Preliminary Screening.*** Morningside will conduct periodic (2-4 times per week depending on medical necessity) preliminary screenings of Client's urine to determine the presence of (1) prescribed medications; (2) non-prescribed medications; (3) illegal drugs; and/or (4) alcohol. The cost of drug testing supplies and preliminary screening provided by Morningside is not included in the Services Fee.

***Outside Laboratory Screening.*** Morningside will send Client's collection to an outside laboratory for final analysis



EXHIBIT 6



Morningside

Client Name ████████

*Payment for Screening.* Morningside or an outside laboratory, as applicable, will submit a claim to Client's insurer or health plan for all costs associated with screening. Morningside agrees to accept payment from Client's insurer or health plan as payment in full.

*Financial Hardship Assistance.* If Client's insurer does not cover testing, financial hardship assistance for the cost of drug testing is available.

*Private Pay Clients.* For private pay Clients, drug testing is a Covered Service as set forth above in Section 4.

## 7.  MEDICATION SUPPORT AND ASSISTANCE

Morningside offers medication support and assistance through program staff. It does not dispense and/or provide medications.

## 8.  THIRD PARTY COVERAGE  (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

When Morningside is provided with insurance or health plan information, Morningside will bill Client's insurer or health plan. Morningside is an out-of-network provider. Morningside agrees to accept the usual and customary rate determined by Client's insurer or health plan.



Primary Insurance Company

Insurance Name:

Client's Name:                                                        DOB

Policy Holder's Name(if applicable)                          DOB:

ID Number:                              GroupNumber:

To the best of Client's and/or Guarantor's knowledge, Client and/or Guarantor are not covered by any additional insurance policy or health plan other than what is listed above in this Section 8.

Client and/or Guarantor are responsible for Client's deductible and co-payment. If Client's deductible has been satisfied, Morningside will bill Client's insurance company. If Client's deductible has not been satisfied, payment is required on the Program Admission Date. Client's co-payment is also required on the Program Admission Date.

Morningside does not routinely or arbitrarily waive deductibles, co-payments or co-insurance amounts. Co-payments and co-insurance amounts will only be waived, in full or in part, due to Client's financial hardship as defined in Morningside's policies and procedures.



Morningside

Client Name ████████████

## 9.  ASSIGNMENT OF BENEFITS (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

Client and/or Guarantor, as applicable, hereby appoints as his or her authorized representative, and assigns to, Morningside, all of his or her right, title, and interest in and to, and relating in and to the recovery of, any and all health care benefits otherwise payable to Client or Guarantor or to which Client or Guarantor is entitled for treatment rendered to Client by Morningside.

Client and/or Guarantor also specifically authorizes Morningside to:

- File and prosecute any required appeal or grievance with Client's insurer for payment of medical claims submitted by or on behalf of Morningside.
- File any required complaint, appeal or grievance with the Department of Managed Health Care, Department of Insurance, Department of Labor, or any other regulatory agency for payment of claims submitted by or on behalf of Morningside.
- File any required litigation or arbitration against any health plan and/or health insurer for payment of medical claims submitted by or on behalf of Morningside, and to exert or receive any other rights or benefits under any health plan with respect to the treatment rendered by Morningside.  Client and/or Guarantor specifically authorize Morningside to name Client and/or Guarantor, as plaintiff or plaintiffs in such litigation or arbitration against any health plan and/or health insurer or otherwise pursue claims on behalf of Client and/or Guarantor.  Client and/or Guarantor hereby also assign to Morningside any right to recover its full billed charges and any expenses and fees incurred for pursuing the claim, as well as all rights, statutory or contractual, to any additional recovery related to health benefits such as treble damages, punitive damages, and/or penalties.
- Discuss Client's personal health information with any applicable health plan or health insurer.
- Client and/or Guarantor specifically authorize any law firm appointed by Morningside to file litigation or arbitration on Client and/or Guarantor's behalf with respect to all of the items listed above.

Rev.

EXHIBIT 6          Page 4 of **7**

Client Initials ████████
Guarantor Initials ████████



Morningside

Client Name ███████

of the Initial Term or any Renewal Term, the Services Fee will not be refunded.

In Morningside's sole and absolute discretion, Morningside may, if Client terminates treatment Against Medical Advice or Against Clinical Advice, allow Client to return to Morningside (within 12 months) to receive Covered Services for the number of calendar days remaining under the Initial Term or any Renewal Term subject to Client entering into a new written agreement with Morningside.

Refunds to the Guarantor for overpayment or fee differences for those Clients completing treatment will not be issued until the balance of the account has been paid in full.

*Acceptable Forms of Payment.* Morningside accepts money orders, personal checks, wire transfers, cashier's checks and all major credit cards.

███████████████████████████████████████████████

*Installment Option for Services Fee.* In Morningside's sole and absolute discretion, Morningside may allow Client and/or Guarantor to pay the above amount by making installment payments, as set forth below. Client and/or Guarantor understand that while Morningside is providing the option of deferring payment of some of these fees to a later date, all fees are due and payable on the Effective Date. Therefore, in the event that Client does not complete his or her entire treatment program, Client and/or Guarantor is still responsible for payment of the total fees as outlined in the payment schedule, below.

1st Installment Date _____   $_____   2nd Installment Date _____   $ _____

3rd Installment Date _____   $_____

## 11. PAYMENT FOR ADDITIONAL SERVICES AND OTHER NON-COVERED SERVICES AND INCIDENTALS

Morningside will charge Client's/Guarantor's card for the cost of the provision of Additional Services (including but not limited to: co-pays for medications and outside medical services). The credit card authorization form is attached to this Agreement as Attachment 11

## 12. TERMINATION

*Without Cause Termination.* This Agreement may be terminated at any time by mutual agreement of the parties. Said termination shall be effective only if memorialized in writing and signed by all parties.

*Automatic Termination.* This Agreement shall automatically terminate if any of the following events occur:

- Client's death. No liability or debt shall accrue after the date of death.
- Client terminates treatment Against Medical Advice or Against Clinical Advice.
- Nonpayment for any sums owed to Morningside for any reason.
- Client's behavior is disruptive and/or detrimental to the safety of other clients, staff, visitors or others. This includes, but is not limited to, behavior that is hostile toward or otherwise physically or emotionally injurious to others and/or fails to comply with federal, state, or local law.
- Client uses or is under the influence of a mood-alternating chemical on the premises of Morningside or has knowledge of another person using a mood-altering chemical on the premises of Morningside and does not immediately or, as soon as reasonably possible, report such use to program staff.
- Client engages in sexual activity with another client. Sexual involvement during treatment at Morningside is inappropriate and counter-productive to recovery.

Client Initials
Guarantor Initia██████


Morningside

Client Name: ████████

## 13. MISCELLANEOUS

*Entire Agreement.* The parties have not entered into any oral agreements. This written Agreement represents the entire agreement with respect to the subject matter herein, and supersedes all prior agreements between or among the parties. This Agreement may not be changed unless by written agreement signed by all the parties hereto. Admission counselors do **NOT** have the authority to vary the terms of this Agreement.

*Severability.* If any provision hereof shall be held to be invalid or unenforceable, then such provision shall be reformed to the extent necessary to make such provision valid and enforceable when so applied.

*Governing Law.* This Agreement shall be construed in accordance with the laws of the State of California applicable to contracts entered into and wholly to be performed therein, without regard to conflicts of laws provisions. The parties hereby irrevocably consent to the state and federal courts in Orange County, California as the sole and exclusive jurisdiction to adjudicate any disputes arising between the parties under this Agreement.

*Collection Agency.* Should an account require pursuit from a collection agency to collect monies owed to Morningside, Client and/or Guarantor agrees to pay reasonable collection costs as required by International Recovery Systems, Inc., the company that handles all collection accounts for Morningside, plus interest at a rate of 1 ½ percent on outstanding balances, or the maximum rate permitted by law, whichever is less.

## 14. DISPUTE RESOLUTION

*Scope.* The dispute resolution procedures set forth herein address, and are designed to avoid litigation of claims and disputes arising out of or relating to this Agreement that are of a nature that, in the absence of these dispute resolution provisions, would otherwise be appropriately addressed through legal action. Disputes subject to these dispute resolution procedures may arise hereunder between Morningside, on the one hand, and Client and/or Guarantor, on the other hand.

*Direct Negotiation.* Notice of any unresolved dispute will be provided by the disputing party or parties in writing. Within seven (7) days after delivery of the notice (the "*Notice*"), the receiving party or parties will submit to the other party or parties a written response (the "*Response*"). The Notice and the Response will include a statement of each party's position and a summary of arguments supporting that position. Within fourteen (14) days after delivery of the disputing party or parties' Notice, Client or Guarantor (or a representative) and a representative of Morningside will meet at a mutually acceptable time and place, and thereafter as often as the parties reasonably deem necessary, to attempt to resolve the dispute. All reasonable requests for information made by one party to the other will be honored. All negotiations under this clause are confidential and will be treated as compromise and settlement negotiations for purposes of applicable rules of evidence.

*Mediation.* If the dispute has not been resolved by direct negotiation within thirty (30) days of the disputing party or parties' Notice, or if the parties failed to meet within thirty (30) days of said Notice, the parties will endeavor to settle the dispute by mediation under the auspices of JAMS.

*Arbitration.* Any dispute subject to these dispute resolution procedures which has not been resolved by direct negotiation or mediation, as provided herein, within ninety (60) days of the Notice will be resolved by binding arbitration in Orange County, California (or such other location as may be mutually agreed upon), in accordance with the applicable arbitration rules of JAMS, as then in effect. Other than with respect to equitable relief, no party will be entitled to commence or maintain any action in a court of law with respect to any matter in dispute until such matter or request for relief will have been submitted to and decided by the chosen arbitrator and then only for the enforcement of the award of such arbitrator. The decision of the arbitrator will be final and binding



Morningside

Client Name: ██████████████

parties and all persons claiming under and through them.  All fees and expenses of the arbitrator will be borne equally by the parties.

*Attorneys' Fees.*  If, notwithstanding the above, any action is filed in relation to this Agreement, the prevailing party in such action will be entitled to recover all of its costs incurred in connection therewith, including, without limitation, staff time, court costs, attorneys' fees, consultant and expert fees and any other related expenses.  In this regard, in order to make the prevailing party whole, the parties acknowledge and agree that the prevailing party will be entitled to recover all of its costs incurred and will not be limited to "reasonable attorneys' fees" as defined by any statute, rule of court, or case law.

My signature below indicates that I have read, or have had read and explained to me, the provisions of this Agreement. I sign this Agreement voluntarily.

This Agreement will be completed and signed in duplicate.  Morningside retains one copy and one copy is given to you.

Client Signature ██████████████████████████████████ _____
                                                                                          Date

Client Printed Name: ████████████ _____

Guarantor Signature: ████████████████████████ ████████ _____
                                                                                          Date

Guarantor Printed Na████████████████████████ _____

Morningside Recovery, LLC

MSR Staff Signature ████████████████████████ ████████ _____
                                                                                          Date

Staff Printed Name: ████████████ _____

Titl████████ _____

Rev.                    EXHIBIT 6              Page **7** of **7**              Client Initials ████████████████
                                                                                                    Guarantor In

# EXHIBIT 7





Client Nam

# CLINICAL ADMISSION AND FINANCIAL AGREEMENT

Morningside Recovery, LLC ("**Morningside**") is a provider of alcohol, drug and mental health treatment. Services are provided on a *voluntary* basis only. This Clinical Admission and Financial Agreement ("**Agreement**") entered into on _____ (the "**Effective Date**") by and between Morningside and _____, ("**Client**") and, additionally, if applicable, _____ ("**Guarantor(s)**"), the party or parties who, along with Client, are responsible for paying for services provided to Client from Morningside, sets forth all of the terms and conditions, including financial obligations, between the parties.

## 1. TERM

*Initial Term.* Conditioned upon Client and Guarantor, if applicable, complying with all of the terms and conditions set forth herein, Client shall receive clinical treatment services Monday through Saturday (no services are provided on Sundays) ("**Treatment Days**") over a period of __30__ calendar days (the "**Initial Term**"), beginning o_____ (the "**Program Admission Date**").

*Automatic Renewal.* This Agreement shall automatically renew for the same number of days as the Initial Term set forth above following the expiration of the Initial Term and each term after the Initial Term (each a "**Renewal Term**"), unless a party gives written notice of its intent not to renew this Agreement prior to the expiration of the Initial Term or any Renewal Term of the Agreement.

## 2. DETOXIFICATION

Client must be free of drugs and alcohol while in treatment at Morningside. While Morningside does **NOT** provide detoxification services, it has relationships with a number of local detox facilities and will refer Client to one of these facilities, if necessary. However, all charges for detox, whether before or after Client's admission to Morningside, shall be the sole responsibility of Client and Guarantor, if applicable.

## 3. CLIENT'S/GUARANTOR'S REPRESENTATIONS AND WARRANTIES

By signing this Agreement, Client and Guarantor, as applicable, represent and warrant to Morningside the following:

- Client does not require an intense level of care, including, but not limited to, seclusion and restraint, which Morningside does not provide.
- Client is medically stable and is able to self-administer and manage his or her medication(s) as prescribed by his or her physician(s).
- Client will adhere to their treatment plan and individual directions for therapy from their primary therapist to the best of their ability.
- Client understands that active participation in group therapy is essential to recovery as it identifies the particular form of addiction and or mental health issues in each individual client and specific issues necessary for recovery. Client agrees to participate in group therapy as openly and honestly as possible so that Morningside staff and other clients may assist Client in recovery.
- Client must actively participate in all facets of the recovery program, including attending therapeutic group sessions

EXHIBIT 7

Client Initials
Guarantor Initia

Revised 01/14/2016



Morningside
RECOVERY

Client Name ▮▮▮▮▮▮

(process, education and therapeutic groups) individual therapeutic sessions, family sessions (as needed), random drug testing, self-help groups/12 step- meetings, ancillary services and community referrals.

- If Client engages in aggressive behavior, including, but not limited to, self-destructive behavior and destruction of property, Morningside will address such behavior according to its policies and procedures.
- Client and Guarantor agree to keep all financial terms set forth in this Agreement confidential.
- Client is individually obligated to pay all fees and costs set forth in this Agreement whether or not any Guarantor is a party to this Agreement.
- Guarantor has no right to access a Client's protected health information, including progress in treatment, unless otherwise allowed under law. Information about a Client will only be released to Guarantor if Client has signed a valid Consent for Release of Information.

## 4. COVERED SERVICES

This section sets forth the services Morningside will provide and/or arrange for Client ("***Covered Services***"):

- Initial evaluation with a licensed psychiatrist and additional psychiatric follow-up visits, as needed
- Creation of and support following an individualized clinically appropriate treatment plan
- Therapy: including individual and group
- Access to a registered dietician
- Access to a designated case manager
- Evening meetings and/or group activities
- Periodic experiential therapy sessions as recommended by the Client's treatment plan (e.g., yoga, acupuncture, drum circle, sweat lodge, psychodrama, tai chi, expressive arts and music expression)
- Access to gym and personal trainer
- Community building activities
- Vocational services (*e.g.*, resume review and interviewing skills)
- Transition planning
- Alumni services (*e.g.*, alumni social events for local alumni)
- For private pay Clients only- Costs associated with drug screenings, as described in more detail in Section 6.

## 5. ADDITIONAL SERVICES

Subject to the Client's express agreement, Morningside may make available and/or provide for Client additional services ("***Additional Services***").

Additional Services are not Covered Services covered by the Services Fee (defined below). Client and Guarantor, if applicable, will be responsible for the cost of the Additional Services, as applicable, that Client selects and receives on a fee-for-services basis, as set forth in Section 11.

## 6. ALCOHOL/DRUG TESTING

***Preliminary Screening.*** Morningside will conduct periodic (2-4 times per week depending on medical necessity) preliminary screenings of Client's urine to determine the presence of (1) prescribed medications; (2) non-prescribed medications; (3) illegal drugs; and/or (4) alcohol. The cost of drug testing supplies and preliminary screening provided by Morningside is not included in the Services Fee.

***Outside Laboratory Testing.*** Morningside will send Client's collection to an outside laboratory for final analysis.

EXHIBIT 7

Client Initials
Guarantor Initia▮▮▮

Revised 01/14/2016



**Morningside**
RECOVERY

Client Name: 

*Payment for Screening*. Morningside or an outside laboratory, as applicable, will submit a claim to Client's insurer or health plan for all costs associated with screening. Morningside agrees to accept payment from Client's insurer or health plan as payment in full.

*Private Pay Clients*. For private pay Clients, drug testing is a Covered Service as set forth above in Section 4.

## 7. MEDICATION SUPPORT AND ASSISTANCE

Morningside offers medication support and assistance through program staff. It does not dispense and/or provide medications.

## 8. THIRD PARTY COVERAGE  (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

When Morningside is provided with insurance or health plan information, Morningside will bill Client's insurer or health plan. Morningside is an out-of-network provider. Morningside agrees to accept the usual and customary rate determined by Client's insurer or health plan.

**Primary Insurance Company**

Insurance Name

Client's Name:                                                                  DOB:

Policy Holder's Name(if applicable):_____ DOB: _____

ID Number:                                          GroupNumber

To the best of Client's and/or Guarantor's knowledge, Client and/or Guarantor are not covered by any additional insurance policy or health plan other than what is listed above in this Section 8.

Client and/or Guarantor are responsible for Client's deductible and co-payment. If Client's deductible has been satisfied, Morningside will bill Client's insurance company. If Client's deductible has not been satisfied, payment is required on the Program Admission Date. Client's co-payment is also required on the Program Admission Date.

Morningside does not routinely or arbitrarily waive deductibles, co-payments or co-insurance amounts. Co-payments and co-insurance amounts will only be waived, in full or in part, due to Client's financial hardship as defined in Morningside's policies and procedures.

Client Initials

Guarantor Initial_____

Revised 01/14/2016



Morningside RECOVERY

Client Name: ████████

## 9.  ASSIGNMENT OF BENEFITS (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

Client and/or Guarantor, as applicable, hereby appoints as his or her authorized representative, and assigns to, Morningside, all of his or her right, title, and interest in and to, and relating in and to the recovery of, any and all health care benefits otherwise payable to Client or Guarantor or to which Client or Guarantor is entitled for treatment rendered to Client by Morningside.

Client and/or Guarantor also specifically authorizes Morningside to:

- File and prosecute any required appeal or grievance with Client's insurer for payment of medical claims submitted by or on behalf of Morningside.
- File any required complaint, appeal or grievance with the Department of Managed Health Care, Department of Insurance, Department of Labor, or any other regulatory agency for payment of claims submitted by or on behalf of Morningside.
- File any required litigation or arbitration against any health plan and/or health insurer for payment of medical claims submitted by or on behalf of Morningside, and to exert or receive any other rights or benefits under any health plan with respect to the treatment rendered by Morningside.  Client and/or Guarantor specifically authorize Morningside to name Client and/or Guarantor, as plaintiff or plaintiffs in such litigation or arbitration against any health plan and/or health insurer or otherwise pursue claims on behalf of Client and/or Guarantor.  Client and/or Guarantor hereby also assign to Morningside any right to recover its full billed charges and any expenses and fees incurred for pursuing the claim, as well as all rights, statutory or contractual, to any additional recovery related to health benefits such as treble damages, punitive damages, and/or penalties.
- Discuss Client's personal health information with any applicable health plan or health insurer.
- Client and/or Guarantor specifically authorize any law firm appointed by Morningside to file litigation or arbitration on Client and/or Guarantor's behalf with respect to all of the items listed above.

EXHIBIT 7

Client Initials ████████
Guarantor Initials _____

Revised 01/14/2016



Morningside
RECOVERY

Client Name

Installment Option for Services Fee. In Morningside's sole and absolute discretion, Morningside may allow Client and/or Guarantor to pay the above amount by making installment payments, as set forth below. Client and/or Guarantor understand that while Morningside is providing the option of deferring payment of some of these fees to a later date, all fees are due and payable on the Effective Date. Therefore, in the event that Client does not complete his or her entire treatment program, Client and/or Guarantor is still responsible for payment of the total fees as outlined in the payment schedule, below.

1st Installment Date _____  $_____  2nd Installment Date _____  $_____

3rd Installment Date _____  $_____

In Morningside's sole and absolute discretion, Morningside may, if Client terminates treatment Against Medical Advice or Against Clinical Advice, allow Client to return to Morningside (within 12 months) to receive Covered Services for the number of calendar days remaining under the Initial Term or any Renewal Term subject to Client entering into a new written agreement with Morningside.

Refunds to the Guarantor for overpayment or fee differences for those Clients completing treatment will not be issued until the balance of the account has been paid in full.

Financial Hardship. Morningside's mission is to provide exceptional care and treatment for men and women who are chemically dependent or suffering from mental health or co-occurring disorders. As part of that mission, Morningside is willing to provide assistance to individuals who cannot financially afford to enter treatment. The application for financial hardship assistance is attached to this Agreement as Attachment 11.

Amount of Financial Assistance. If Client qualifies for financial hardship assistance, Morningside will reduce the Services Fee to $_____.

### 11. PAYMENT FOR ADDITIONAL SERVICES AND OTHER NON-COVERED SERVICES AND INCIDENTALS

Morningside will charge Client's/Guarantor's card for the cost of the provision of Additional Services (including but not limited to: co-pays for medications and outside medical services). The credit card authorization form is attached to this Agreement as Attachment 1.

### 12. TERMINATION

*Without Cause Termination.* This Agreement may be terminated at any time by mutual agreement of the parties. Said termination shall be effective only if memorialized in writing and signed by all parties.

*Automatic Termination.* This Agreement shall automatically terminate if any of the following events occur:

- Client's death. No liability or debt shall accrue after the date of death.
- Client terminates treatment Against Medical Advice or Against Clinical Advice.
- Nonpayment for any sums owed to Morningside for any reason.
- Client's behavior is disruptive and/or detrimental to the safety of other clients, staff, visitors or others. This includes, but is not limited to, behavior that is hostile toward or otherwise physically or emotionally injurious to others and/or fails to comply with federal, state, or local law.
- Client uses or is under the influence of a mood-alternating chemical on the premises of Morningside or has knowledge of another person using a mood-altering chemical on the premises of Morningside and does not immediately or, as soon as reasonably possible, report such use to program staff.
- Client engages in sexual activity with another client. Sexual involvement during treatment at Morningside is prohibited.

EXHIBIT 7    Page 5 of 7    Client Initials ____  Guarantor Initials _____

Revised 01/14/2016



Morningside

Client Name: █████████████

## 13. MISCELLANEOUS

***Entire Agreement.*** The parties have not entered into any oral agreements. This written Agreement represents the entire agreement with respect to the subject matter herein, and supersedes all prior agreements between or among the parties. This Agreement may not be changed unless by written agreement signed by all the parties hereto. Admission counselors do **NOT** have the authority to vary the terms of this Agreement.

***Severability.*** If any provision hereof shall be held to be invalid or unenforceable, then such provision shall be reformed to the extent necessary to make such provision valid and enforceable when so applied.

***Governing Law.*** This Agreement shall be construed in accordance with the laws of the State of California applicable to contracts entered into and wholly to be performed therein, without regard to conflicts of laws provisions. The parties hereby irrevocably consent to the state and federal courts in Orange County, California as the sole and exclusive jurisdiction to adjudicate any disputes arising between the parties under this Agreement.

***Collection Agency.*** Should an account require pursuit from a collection agency to collect monies owed to Morningside, Client and/or Guarantor agrees to pay reasonable collection costs as required by International Recovery Systems, Inc., the company that handles all collection accounts for Morningside, plus interest at a rate of 1 ½ percent on outstanding balances, or the maximum rate permitted by law, whichever is less.

## 14. DISPUTE RESOLUTION

***Scope.*** The dispute resolution procedures set forth herein address, and are designed to avoid litigation of claims and disputes arising out of or relating to this Agreement that are of a nature that, in the absence of these dispute resolution provisions, would otherwise be appropriately addressed through legal action. Disputes subject to these dispute resolution procedures may arise hereunder between Morningside, on the one hand, and Client and/or Guarantor, on the other hand.

***Direct Negotiation.*** Notice of any unresolved dispute will be provided by the disputing party or parties in writing. Within seven (7) days after delivery of the notice (the **"Notice"**), the receiving party or parties will submit to the other party or parties a written response (the **"Response"**). The Notice and the Response will include a statement of each party's position and a summary of arguments supporting that position. Within fourteen (14) days after delivery of the disputing party or parties' Notice, Client or Guarantor (or a representative) and a representative of Morningside will meet at a mutually acceptable time and place, and thereafter as often as the parties reasonably deem necessary, to attempt to resolve the dispute. All reasonable requests for information made by one party to the other will be honored. All negotiations under this clause are confidential and will be treated as compromise and settlement negotiations for purposes of applicable rules of evidence.

***Mediation.*** If the dispute has not been resolved by direct negotiation within thirty (30) days of the disputing party or parties' Notice, or if the parties failed to meet within thirty (30) days of said Notice, the parties will endeavor to settle the dispute by mediation under the auspices of JAMS.

***Arbitration.*** Any dispute subject to these dispute resolution procedures which has not been resolved by direct negotiation or mediation, as provided herein, within ninety (90) days of the Notice will be resolved by binding arbitration in Orange County, California (or such other location as may be mutually agreed upon), in accordance with the applicable arbitration rules of JAMS, as then in effect. Other than with respect to equitable relief, no party will be entitled to commence or maintain any action in a court of law with respect to any matter in dispute or relief required until such matter or request for relief will have been submitted to and decided by the chosen arbitrator and then only for the enforcement of the award of such arbitrator. The decision of the arbitrator will be final and binding upon the



 Client Name:

parties and all persons claiming under and through them. All fees and expenses of the arbitrator will be borne equally by the parties.

*Attorneys' Fees.* If, notwithstanding the above, any action is filed in relation to this Agreement, the prevailing party in such action will be entitled to recover all of its costs incurred in connection therewith, including, without limitation, staff time, court costs, attorneys' fees, consultant and expert fees and any other related expenses. In this regard, in order to make the prevailing party whole, the parties acknowledge and agree that the prevailing party will be entitled to recover all of its costs incurred and will not be limited to "reasonable attorneys' fees" as defined by any statute, rule of court, or case law.

**My signature below indicates that I have read, or have had read and explained to me, the provisions of this Agreement. I sign this Agreement voluntarily.**

**This Agreement will be completed and signed in duplicate. Morningside retains one copy and one copy is given to you.**

Client Signature _____

Date

Client Printed Name _____

Guarantor Signature: _____

Date

Guarantor Printed Name: _____

Morningside Recovery, LL_____

MSR Staff Signature _____

Date

Staff Printed Name: _____

Title _____

EXHIBIT 7          Page **7** of **7**

Client Initials _____
Guarantor Initials _____

Revised 01/14/2016

# EXHIBIT 8



Client Name 

# CLINICAL ADMISSION AND FINANCIAL AGREEMENT

Morningside Recovery, LLC ("***Morningside***") is a provider of alcohol, drug and mental health treatment.  Services are provided on a *voluntary* basis only.  This Clinical Admission and Financial Agreement ("***Agreement***") entered into on ▮▮▮▮ (the "***Effective Date***") by and between Morningside and ▮▮▮▮ ("***Client***") and, additionally, if applicable, _____ ("***Guarantor(s)***"), the party or parties who, along with Client, are responsible for paying for services provided to Client from Morningside, sets forth all of the terms and conditions, including financial obligations, between the parties.

## 1.  TERM

***Initial Term.***  Conditioned upon Client and Guarantor, if applicable, complying with all of the terms and conditions set forth herein, Client shall receive  clinical treatment services Monday through Saturday (no services are provided on Sundays) ("***Treatment Days***") over a period of _30___ calendar days (the "***Initial Term***"), beginning on ▮▮▮▮ (the "***Program Admission Date***").

***Automatic Renewal***.  This Agreement shall automatically renew for the same number of days as the Initial Term set forth above following the expiration of the Initial Term and each term after the Initial Term (each a "***Renewal Term***"), unless a party gives written notice of its intent not to renew this Agreement prior to the expiration of the Initial Term or any Renewal Term of the Agreement.

## 2.  DETOXIFICATION

Client must be free of drugs and alcohol while in treatment at Morningside.  While Morningside does **NOT** provide detoxification services, it has relationships with a number of local detox facilities and will refer Client to one of these facilities, if necessary.  However, all charges for detox, whether before or after Client's admission to Morningside, shall be the sole responsibility of Client and Guarantor, if applicable.

## 3.  CLIENT'S/GUARANTOR'S REPRESENTATIONS AND WARRANTIES

By signing this Agreement, Client and Guarantor, as applicable, represent and warrant to Morningside the following:

- Client does not require an intense level of care, including, but not limited to, seclusion and restraint, which Morningside does not provide.
- Client is medically stable and is able to self-administer and manage his or her medication(s) as prescribed by his or her physician(s).
- Client will adhere to their treatment plan and individual directions for therapy from their primary therapist to the best of their ability.
- Client understands that active participation in group therapy is essential to recovery as it identifies the particular form of addiction and or mental health issues in each individual client and specific issues necessary for recovery. Client agrees to participate in group therapy as openly and honestly as possible so that Morningside staff and other clients may assist Client in recovery.
- Client must actively participate in all facets of the recovery program, including attending therapeutic group sessions

EXHIBIT 8          Page **1** of **7**

Client Initials ▮▮▮
Guarantor Initials _____

Revised 01/14/2016



**Morningside** RECOVERY

Client Name: ▮▮▮▮▮▮▮▮

(process, education and therapeutic groups) individual therapeutic sessions, family sessions (as needed), random drug testing, self-help groups/12 step- meetings, ancillary services and community referrals.

- If Client engages in aggressive behavior, including, but not limited to, self-destructive behavior and destruction of property, Morningside will address such behavior according to its policies and procedures.
- Client and Guarantor agree to keep all financial terms set forth in this Agreement confidential.
- Client is individually obligated to pay all fees and costs set forth in this Agreement whether or not any Guarantor is a party to this Agreement.
- Guarantor has no right to access a Client's protected health information, including progress in treatment, unless otherwise allowed under law. Information about a Client will only be released to Guarantor if Client has signed a valid Consent for Release of Information.

## 4.   COVERED SERVICES

This section sets forth the services Morningside will provide and/or arrange for Client ("**Covered Services**"):

- Initial evaluation with a licensed psychiatrist and additional psychiatric follow-up visits, as needed
- Creation of and support following an individualized clinically appropriate treatment plan
- Therapy: including individual and group
- Access to a registered dietician
- Access to a designated case manager
- Evening meetings and/or group activities
- Periodic experiential therapy sessions as recommended by the Client's treatment plan (e.g., yoga, acupuncture, drum circle, sweat lodge, psychodrama, tai chi, expressive arts and music expression)
- Access to gym and personal trainer
- Community building activities
- Vocational services (*e.g.*, resume review and interviewing skills)
- Transition planning
- Alumni services (*e.g.*, alumni social events for local alumni)
- For private pay Clients only- Costs associated with drug screenings, as described in more detail in Section 6.

## 5.   ADDITIONAL SERVICES

Subject to the Client's express agreement, Morningside may make available and/or provide for Client additional services ("**Additional Services**").

Additional Services are not Covered Services covered by the Services Fee (defined below).  Client and Guarantor, if applicable, will be responsible for the cost of the Additional Services, as applicable, that Client selects and receives on a fee-for-services basis, as set forth in Section 11.

## 6.   ALCOHOL/DRUG TESTING

*Preliminary Screening.*  Morningside will conduct periodic (2-4 times per week depending on medical necessity) preliminary screenings of Client's urine to determine the presence of (1) prescribed medications; (2) non-prescribed medications; (3) illegal drugs; and/or (4) alcohol. The cost of drug testing supplies and preliminary screening provided by Morningside is not included in the Services Fee.

*Outside Laboratory Testing.*  Morningside will send Client's collection to an outside laboratory for final analysis.

EXHIBIT 8

Client Initials ▮▮▮▮
Guarantor Initials ▮▮▮▮

Revised 01/14/2016



Morningside

Client Name: ▓▓▓▓▓▓▓

*Payment for Screening*. Morningside or an outside laboratory, as applicable, will submit a claim to Client's insurer or health plan for all costs associated with screening. Morningside agrees to accept payment from Client's insurer or health plan as payment in full.

*Private Pay Clients*. For private pay Clients, drug testing is a Covered Service as set forth above in Section 4.

## 7.  MEDICATION SUPPORT AND ASSISTANCE

Morningside offers medication support and assistance through program staff. It does not dispense and/or provide medications.

## 8.  THIRD PARTY COVERAGE  (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

When Morningside is provided with insurance or health plan information, Morningside will bill Client's insurer or health plan. Morningside is an out-of-network provider. Morningside agrees to accept the usual and customary rate determined by Client's insurer or health plan.

**Primary Insurance Company**

Insurance Name: ▓▓▓▓▓▓▓

Client's Name: ▓▓▓▓▓▓▓                                           DOB: ▓▓▓▓▓▓▓

Policy Holder's Name(if applicable): _____          DOB: _____

ID Number: ▓▓▓▓▓▓▓                              GroupNumber: ▓▓▓▓▓▓▓

To the best of Client's and/or Guarantor's knowledge, Client and/or Guarantor are not covered by any additional insurance policy or health plan other than what is listed above in this Section 8.

Client and/or Guarantor are responsible for Client's deductible and co-payment. If Client's deductible has been satisfied, Morningside will bill Client's insurance company. If Client's deductible has not been satisfied, payment is required on the Program Admission Date. Client's co-payment is also required on the Program Admission Date.

Morningside does not routinely or arbitrarily waive deductibles, co-payments or co-insurance amounts. Co-payments and co-insurance amounts will only be waived, in full or in part, due to Client's financial hardship as defined in Morningside's policies and procedures.

EXHIBIT 8          Page **3** of **7**                          Client Initials
                                                                Guarantor Initials 



Morningside RECOVERY Client Name: [redacted]

## 9. ASSIGNMENT OF BENEFITS (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

Client and/or Guarantor, as applicable, hereby appoints as his or her authorized representative, and assigns to, Morningside, all of his or her right, title, and interest in and to, and relating in and to the recovery of, any and all health care benefits otherwise payable to Client or Guarantor or to which Client or Guarantor is entitled for treatment rendered to Client by Morningside.

Client and/or Guarantor also specifically authorizes Morningside to:

- File and prosecute any required appeal or grievance with Client's insurer for payment of medical claims submitted by or on behalf of Morningside.
- File any required complaint, appeal or grievance with the Department of Managed Health Care, Department of Insurance, Department of Labor, or any other regulatory agency for payment of claims submitted by or on behalf of Morningside.
- File any required litigation or arbitration against any health plan and/or health insurer for payment of medical claims submitted by or on behalf of Morningside, and to exert or receive any other rights or benefits under any health plan with respect to the treatment rendered by Morningside. Client and/or Guarantor specifically authorize Morningside to name Client and/or Guarantor, as plaintiff or plaintiffs in such litigation or arbitration against any health plan and/or health insurer or otherwise pursue claims on behalf of Client and/or Guarantor. Client and/or Guarantor hereby also assign to Morningside any right to recover its full billed charges and any expenses and fees incurred for pursuing the claim, as well as all rights, statutory or contractual, to any additional recovery related to health benefits such as treble damages, punitive damages, and/or penalties.
- Discuss Client's personal health information with any applicable health plan or health insurer.
- Client and/or Guarantor specifically authorize any law firm appointed by Morningside to file litigation or arbitration on Client and/or Guarantor's behalf with respect to all of the items listed above.

[redacted]

EXHIBIT 8

Client Initials [redacted]
Guarantor Initials

Morningside
RECOVERY

Client Name: ▮▮▮▮▮▮▮

Installment Option for Services Fee. In Morningside's sole and absolute discretion, Morningside may allow Client and/or Guarantor to pay the above amount by making installment payments, as set forth below. Client and/or Guarantor understand that while Morningside is providing the option of deferring payment of some of these fees to a later date, all fees are due and payable on the Effective Date. Therefore, in the event that Client does not complete his or her entire treatment program, Client and/or Guarantor is still responsible for payment of the total fees as outlined in the payment schedule, below.

1st Installment Date _____  $_____  2nd Installment Date _____  $_____

3rd Installment Date _____  $_____

In Morningside's sole and absolute discretion, Morningside may, if Client terminates treatment Against Medical Advice or Against Clinical Advice, allow Client to return to Morningside (within 12 months) to receive Covered Services for the number of calendar days remaining under the Initial Term or any Renewal Term subject to Client entering into a new written agreement with Morningside.

Refunds to the Guarantor for overpayment or fee differences for those Clients completing treatment will not be issued until the balance of the account has been paid in full.

Financial Hardship. Morningside's mission is to provide exceptional care and treatment for men and women who are chemically dependent or suffering from mental health or co-occurring disorders. As part of that mission, Morningside is willing to provide assistance to individuals who cannot financially afford to enter treatment. The application for financial hardship assistance is attached to this Agreement as Attachment 11.

Amount of Financial Assistance. If Client qualifies for financial hardship assistance, Morningside will reduce the Services Fee to $_____.

## 11. PAYMENT FOR ADDITIONAL SERVICES AND OTHER NON-COVERED SERVICES AND INCIDENTALS

Morningside will charge Client's/Guarantor's card for the cost of the provision of Additional Services (including but not limited to: co-pays for medications and outside medical services). The credit card authorization form is attached to this Agreement as Attachment 1.

## 12. TERMINATION

*Without Cause Termination*. This Agreement may be terminated at any time by mutual agreement of the parties. Said termination shall be effective only if memorialized in writing and signed by all parties.

*Automatic Termination*. This Agreement shall automatically terminate if any of the following events occur:

- Client's death. No liability or debt shall accrue after the date of death.
- Client terminates treatment Against Medical Advice or Against Clinical Advice.
- Nonpayment for any sums owed to Morningside for any reason.
- Client's behavior is disruptive and/or detrimental to the safety of other clients, staff, visitors or others. This includes, but is not limited to, behavior that is hostile toward or otherwise physically or emotionally injurious to others and/or fails to comply with federal, state, or local law.
- Client uses or is under the influence of a mood-alternating chemical on the premises of Morningside or has knowledge of another person using a mood-altering chemical on the premises of Morningside and does not immediately or, as soon as reasonably possible, report such use to program staff.
- Client engages in sexual activity with another client. Sexual involvement during treatment at Morningside is prohibited.

EXHIBIT 8

Client Initials ▮▮▮▮
Guarantor Initials _____

Revised 01/14/2016



Morningside

Client Name: ▮▮▮▮▮▮▮▮

## 13. MISCELLANEOUS

*Entire Agreement.* The parties have not entered into any oral agreements. This written Agreement represents the entire agreement with respect to the subject matter herein, and supersedes all prior agreements between or among the parties. This Agreement may not be changed unless by written agreement signed by all the parties hereto. Admission counselors do **NOT** have the authority to vary the terms of this Agreement.

*Severability.* If any provision hereof shall be held to be invalid or unenforceable, then such provision shall be reformed to the extent necessary to make such provision valid and enforceable when so applied.

*Governing Law.* This Agreement shall be construed in accordance with the laws of the State of California applicable to contracts entered into and wholly to be performed therein, without regard to conflicts of laws provisions. The parties hereby irrevocably consent to the state and federal courts in Orange County, California as the sole and exclusive jurisdiction to adjudicate any disputes arising between the parties under this Agreement.

*Collection Agency.* Should an account require pursuit from a collection agency to collect monies owed to Morningside, Client and/or Guarantor agrees to pay reasonable collection costs as required by International Recovery Systems, Inc., the company that handles all collection accounts for Morningside, plus interest at a rate of 1 ½ percent on outstanding balances, or the maximum rate permitted by law, whichever is less.

## 14. DISPUTE RESOLUTION

*Scope.* The dispute resolution procedures set forth herein address, and are designed to avoid litigation of claims and disputes arising out of or relating to this Agreement that are of a nature that, in the absence of these dispute resolution provisions, would otherwise be appropriately addressed through legal action. Disputes subject to these dispute resolution procedures may arise hereunder between Morningside, on the one hand, and Client and/or Guarantor, on the other hand.

*Direct Negotiation.* Notice of any unresolved dispute will be provided by the disputing party or parties in writing. Within seven (7) days after delivery of the notice (the **"Notice"**), the receiving party or parties will submit to the other party or parties a written response (the **"Response"**). The Notice and the Response will include a statement of each party's position and a summary of arguments supporting that position. Within fourteen (14) days after delivery of the disputing party or parties' Notice, Client or Guarantor (or a representative) and a representative of Morningside will meet at a mutually acceptable time and place, and thereafter as often as the parties reasonably deem necessary, to attempt to resolve the dispute. All reasonable requests for information made by one party to the other will be honored. All negotiations under this clause are confidential and will be treated as compromise and settlement negotiations for purposes of applicable rules of evidence.

*Mediation.* If the dispute has not been resolved by direct negotiation within thirty (30) days of the disputing party or parties' Notice, or if the parties failed to meet within thirty (30) days of said Notice, the parties will endeavor to settle the dispute by mediation under the auspices of JAMS.

*Arbitration.* Any dispute subject to these dispute resolution procedures which has not been resolved by direct negotiation or mediation, as provided herein, within ninety (90) days of the Notice will be resolved by binding arbitration in Orange County, California (or such other location as may be mutually agreed upon), in accordance with the applicable arbitration rules of JAMS, as then in effect. Other than with respect to equitable relief, no party will be entitled to commence or maintain any action in a court of law with respect to any matter in dispute or relief required until such matter or request for relief will have been submitted to and decided by the chosen arbitrator and then only for the enforcement of the award of such arbitrator. The decision of the arbitrator will be final and binding upon the

EXHIBIT 8

Client Initials ▮▮▮▮
Guarantor Initials ▮▮▮▮

Revised 01/14/2016



Client Name █████████

parties and all persons claiming under and through them.  All fees and expenses of the arbitrator will be borne equally by the parties.

*Attorneys' Fees.*  If, notwithstanding the above, any action is filed in relation to this Agreement, the prevailing party in such action will be entitled to recover all of its costs incurred in connection therewith, including, without limitation, staff time, court costs, attorneys' fees, consultant and expert fees and any other related expenses.  In this regard, in order to make the prevailing party whole, the parties acknowledge and agree that the prevailing party will be entitled to recover all of its costs incurred and will not be limited to "reasonable attorneys' fees" as defined by any statute, rule of court, or case law.

**My signature below indicates that I have read, or have had read and explained to me, the provisions of this Agreement. I sign this Agreement voluntarily.**

**This Agreement will be completed and signed in duplicate.  Morningside retains one copy and one copy is given to you.**

Client Signature _____

                                                                                      Date

Client Printed Name:   Justin Roe
                       _____

Guarantor Signature: _____

                                                                                      Date

Guarantor Printed Name: _____

**Morningside Recovery, LL** ████████████████████

MSR Staff Signature _____

                                                                                      Date

Staff Printed Name: ██████_____

Title ████████_____

EXHIBIT 8      Page **7** of **7**

Client Initials  ████████
Guarantor Initials _____

Revised 01/14/2016

# EXHIBIT 9



Morningside
RECOVERY

Client Name: ████████████

# CLINICAL ADMISSION AND FINANCIAL AGREEMENT

Morningside Recovery, LLC ("***Morningside***") is a provider of alcohol, drug and mental health treatment. Services are provided on a *voluntary* basis only. This Clinical Admission and Financial Agreement ("***Agreement***") entered into on ████████ (the "***Effective Date***") by and between Morningside and ████████████████████, ("***Client***") and, additionally, if applicable, _____ ("***Guarantor(s)***"), the party or parties who, along with Client, are responsible for paying for services provided to Client from Morningside, sets forth all of the terms and conditions, including financial obligations, between the parties.

## 1. TERM

***Initial Term.*** Conditioned upon Client and Guarantor, if applicable, complying with all of the terms and conditions set forth herein, Client shall receive clinical treatment services Monday through Saturday (no services are provided on Sundays) ("***Treatment Days***") over a period of 30 calendar days (the "***Initial Term***"), beginning on ████████ (the "***Program Admission Date***").

***Automatic Renewal.*** This Agreement shall automatically renew for the same number of days as the Initial Term set forth above following the expiration of the Initial Term and each term after the Initial Term (each a "***Renewal Term***"), unless a party gives written notice of its intent not to renew this Agreement prior to the expiration of the Initial Term or any Renewal Term of the Agreement.

## 2. DETOXIFICATION

Client must be free of drugs and alcohol while in treatment at Morningside. While Morningside does **NOT** provide detoxification services, it has relationships with a number of local detox facilities and will refer Client to one of these facilities, if necessary. However, all charges for detox, whether before or after Client's admission to Morningside, shall be the sole responsibility of Client and Guarantor, if applicable.

## 3. CLIENT'S/GUARANTOR'S REPRESENTATIONS AND WARRANTIES

By signing this Agreement, Client and Guarantor, as applicable, represent and warrant to Morningside the following:

- Client does not require an intense level of care, including, but not limited to, seclusion and restraint, which Morningside does not provide.
- Client is medically stable and is able to self-administer and manage his or her medication(s) as prescribed by his or her physician(s).
- Client will adhere to their treatment plan and individual directions for therapy from their primary therapist to the best of their ability.
- Client understands that active participation in group therapy is essential to recovery as it identifies the particular form of addiction and or mental health issues in each individual client and specific issues necessary for recovery. Client agrees to participate in group therapy as openly and honestly as possible so that Morningside staff and other clients may assist Client in recovery.
- Client must actively participate in all facets of the recovery program, including attending therapeutic group sessions

EXHIBIT 9

Client Initials ████████
Guarantor Initials _____

Revised 01/14/2016



Morningside
RECOVERY

Client Name: ▮▮▮▮▮▮▮

(process, education and therapeutic groups) individual therapeutic sessions, family sessions (as needed), random drug testing, self-help groups/12 step- meetings, ancillary services and community referrals.

- If Client engages in aggressive behavior, including, but not limited to, self-destructive behavior and destruction of property, Morningside will address such behavior according to its policies and procedures.
- Client and Guarantor agree to keep all financial terms set forth in this Agreement confidential.
- Client is individually obligated to pay all fees and costs set forth in this Agreement whether or not any Guarantor is a party to this Agreement.
- Guarantor has no right to access a Client's protected health information, including progress in treatment, unless otherwise allowed under law. Information about a Client will only be released to Guarantor if Client has signed a valid Consent for Release of Information.

## 4. COVERED SERVICES

This section sets forth the services Morningside will provide and/or arrange for Client ("**Covered Services**"):

- Initial evaluation with a licensed psychiatrist and additional psychiatric follow-up visits, as needed
- Creation of and support following an individualized clinically appropriate treatment plan
- Therapy: including individual and group
- Access to a registered dietician
- Access to a designated case manager
- Evening meetings and/or group activities
- Periodic experiential therapy sessions as recommended by the Client's treatment plan (e.g., yoga, acupuncture, drum circle, sweat lodge, psychodrama, tai chi, expressive arts and music expression)
- Access to gym and personal trainer
- Community building activities
- Vocational services (*e.g.*, resume review and interviewing skills)
- Transition planning
- Alumni services (*e.g.*, alumni social events for local alumni)
- For private pay Clients only- Costs associated with drug screenings, as described in more detail in Section 6.

## 5. ADDITIONAL SERVICES

Subject to the Client's express agreement, Morningside may make available and/or provide for Client additional services ("**Additional Services**").

Additional Services are not Covered Services covered by the Services Fee (defined below). Client and Guarantor, if applicable, will be responsible for the cost of the Additional Services, as applicable, that Client selects and receives on a fee-for-services basis, as set forth in Section 11.

## 6. ALCOHOL/DRUG TESTING

*Preliminary Screening.* Morningside will conduct periodic (2-4 times per week depending on medical necessity) preliminary screenings of Client's urine to determine the presence of (1) prescribed medications; (2) non-prescribed medications; (3) illegal drugs; and/or (4) alcohol. The cost of drug testing supplies and preliminary screening provided by Morningside is not included in the Services Fee.

*Outside Laboratory Testing.* Morningside will send Client's collection to an outside laboratory for final analysis.



**Morningside** RECOVERY

Client Name: ▓▓▓▓▓▓▓

*Payment for Screening*. Morningside or an outside laboratory, as applicable, will submit a claim to Client's insurer or health plan for all costs associated with screening. Morningside agrees to accept payment from Client's insurer or health plan as payment in full.

*Private Pay Clients*. For private pay Clients, drug testing is a Covered Service as set forth above in Section 4.

## 7.   MEDICATION SUPPORT AND ASSISTANCE

Morningside offers medication support and assistance through program staff. It does not dispense and/or provide medications.

## 8.   THIRD PARTY COVERAGE   (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

When Morningside is provided with insurance or health plan information, Morningside will bill Client's insurer or health plan. Morningside is an out-of-network provider. Morningside agrees to accept the usual and customary rate determined by Client's insurer or health plan.

**Primary Insurance Company**

Insurance Name: _____Humana_____

Client's Name: ▓▓▓▓▓▓▓_____   DOB: ▓▓▓▓▓▓▓_____

Policy Holder's Name(if applicable):_____   DOB:_____

ID Number: ▓▓▓▓▓▓▓_____   GroupNumber: ▓▓▓▓▓▓▓_____

To the best of Client's and/or Guarantor's knowledge, Client and/or Guarantor are not covered by any additional insurance policy or health plan other than what is listed above in this Section 8.

Client and/or Guarantor are responsible for Client's deductible and co-payment. If Client's deductible has been satisfied, Morningside will bill Client's insurance company. If Client's deductible has not been satisfied, payment is required on the Program Admission Date. Client's co-payment is also required on the Program Admission Date.

Morningside does not routinely or arbitrarily waive deductibles, co-payments or co-insurance amounts. Co-payments and co-insurance amounts will only be waived, in full or in part, due to Client's financial hardship as defined in Morningside's policies and procedures.

EXHIBIT 9   Page **3** of **7**

Client Initials ▓▓▓
Guarantor Initials _____

Revised 01/14/2016



**Morningside** RECOVERY

Client Name

## 9. ASSIGNMENT OF BENEFITS (FOR PRIVATE PAY CLIENTS: PLEASE SKIP THIS SECTION AND GO TO SECTION 10)

Client and/or Guarantor, as applicable, hereby appoints as his or her authorized representative, and assigns to, Morningside, all of his or her right, title, and interest in and to, and relating in and to the recovery of, any and all health care benefits otherwise payable to Client or Guarantor or to which Client or Guarantor is entitled for treatment rendered to Client by Morningside.

Client and/or Guarantor also specifically authorizes Morningside to:

- File and prosecute any required appeal or grievance with Client's insurer for payment of medical claims submitted by or on behalf of Morningside.
- File any required complaint, appeal or grievance with the Department of Managed Health Care, Department of Insurance, Department of Labor, or any other regulatory agency for payment of claims submitted by or on behalf of Morningside.
- File any required litigation or arbitration against any health plan and/or health insurer for payment of medical claims submitted by or on behalf of Morningside, and to exert or receive any other rights or benefits under any health plan with respect to the treatment rendered by Morningside. Client and/or Guarantor specifically authorize Morningside to name Client and/or Guarantor, as plaintiff or plaintiffs in such litigation or arbitration against any health plan and/or health insurer or otherwise pursue claims on behalf of Client and/or Guarantor. Client and/or Guarantor hereby also assign to Morningside any right to recover its full billed charges and any expenses and fees incurred for pursuing the claim, as well as all rights, statutory or contractual, to any additional recovery related to health benefits such as treble damages, punitive damages, and/or penalties.
- Discuss Client's personal health information with any applicable health plan or health insurer.
- Client and/or Guarantor specifically authorize any law firm appointed by Morningside to file litigation or arbitration on Client and/or Guarantor's behalf with respect to all of the items listed above.

10. SERVICE FEES

EXHIBIT 9

Client Initials

Guarantor Initials



**Morningside** RECOVERY

Client Name

Installment Option for Services Fee. In Morningside's sole and absolute discretion, Morningside may allow Client and/or Guarantor to pay the above amount by making installment payments, as set forth below. Client and/or Guarantor understand that while Morningside is providing the option of deferring payment of some of these fees to a later date, all fees are due and payable on the Effective Date. Therefore, in the event that Client does not complete his or her entire treatment program, Client and/or Guarantor is still responsible for payment of the total fees as outlined in the payment schedule, below.

1st Installment Date _____  $_____  2nd Installment Date _____  $_____

3rd Installment Date _____  $_____

In Morningside's sole and absolute discretion, Morningside may, if Client terminates treatment Against Medical Advice or Against Clinical Advice, allow Client to return to Morningside (within 12 months) to receive Covered Services for the number of calendar days remaining under the Initial Term or any Renewal Term subject to Client entering into a new written agreement with Morningside.

Refunds to the Guarantor for overpayment or fee differences for those Clients completing treatment will not be issued until the balance of the account has been paid in full.

Financial Hardship. Morningside's mission is to provide exceptional care and treatment for men and women who are chemically dependent or suffering from mental health or co-occurring disorders. As part of that mission, Morningside is willing to provide assistance to individuals who cannot financially afford to enter treatment. The application for financial hardship assistance is attached to this Agreement as Attachment 11.

Amount of Financial Assistance. If Client qualifies for financial hardship assistance, Morningside will reduce the Services Fee to $_____.

## 11. PAYMENT FOR ADDITIONAL SERVICES AND OTHER NON-COVERED SERVICES AND INCIDENTALS

Morningside will charge Client's/Guarantor's card for the cost of the provision of Additional Services (including but not limited to: co-pays for medications and outside medical services). The credit card authorization form is attached to this Agreement as Attachment 1.

## 12. TERMINATION

*Without Cause Termination.* This Agreement may be terminated at any time by mutual agreement of the parties. Said termination shall be effective only if memorialized in writing and signed by all parties.

*Automatic Termination.* This Agreement shall automatically terminate if any of the following events occur:

- Client's death. No liability or debt shall accrue after the date of death.
- Client terminates treatment Against Medical Advice or Against Clinical Advice.
- Nonpayment for any sums owed to Morningside for any reason.
- Client's behavior is disruptive and/or detrimental to the safety of other clients, staff, visitors or others. This includes, but is not limited to, behavior that is hostile toward or otherwise physically or emotionally injurious to others and/or fails to comply with federal, state, or local law.
- Client uses or is under the influence of a mood-alternating chemical on the premises of Morningside or has knowledge of another person using a mood-altering chemical on the premises of Morningside and does not immediately or, as soon as reasonably possible, report such use to program staff.
- Client engages in sexual activity with another client. Sexual involvement during treatment at Morningside is prohibited.

EXHIBIT 9      Page 5 of 7                                          Client Initials _____
                                                                   Guarantor Initials _____



Morningside™

Client Name: ███████████████

## 13. MISCELLANEOUS

*Entire Agreement.* The parties have not entered into any oral agreements. This written Agreement represents the entire agreement with respect to the subject matter herein, and supersedes all prior agreements between or among the parties. This Agreement may not be changed unless by written agreement signed by all the parties hereto. Admission counselors do **NOT** have the authority to vary the terms of this Agreement.

*Severability.* If any provision hereof shall be held to be invalid or unenforceable, then such provision shall be reformed to the extent necessary to make such provision valid and enforceable when so applied.

*Governing Law.* This Agreement shall be construed in accordance with the laws of the State of California applicable to contracts entered into and wholly to be performed therein, without regard to conflicts of laws provisions. The parties hereby irrevocably consent to the state and federal courts in Orange County, California as the sole and exclusive jurisdiction to adjudicate any disputes arising between the parties under this Agreement.

*Collection Agency.* Should an account require pursuit from a collection agency to collect monies owed to Morningside, Client and/or Guarantor agrees to pay reasonable collection costs as required by International Recovery Systems, Inc., the company that handles all collection accounts for Morningside, plus interest at a rate of 1 ½ percent on outstanding balances, or the maximum rate permitted by law, whichever is less.

## 14. DISPUTE RESOLUTION

*Scope.* The dispute resolution procedures set forth herein address, and are designed to avoid litigation of claims and disputes arising out of or relating to this Agreement that are of a nature that, in the absence of these dispute resolution provisions, would otherwise be appropriately addressed through legal action. Disputes subject to these dispute resolution procedures may arise hereunder between Morningside, on the one hand, and Client and/or Guarantor, on the other hand.

*Direct Negotiation.* Notice of any unresolved dispute will be provided by the disputing party or parties in writing. Within seven (7) days after delivery of the notice (the *"Notice"*), the receiving party or parties will submit to the other party or parties a written response (the *"Response"*). The Notice and the Response will include a statement of each party's position and a summary of arguments supporting that position. Within fourteen (14) days after delivery of the disputing party or parties' Notice, Client or Guarantor (or a representative) and a representative of Morningside will meet at a mutually acceptable time and place, and thereafter as often as the parties reasonably deem necessary, to attempt to resolve the dispute. All reasonable requests for information made by one party to the other will be honored. All negotiations under this clause are confidential and will be treated as compromise and settlement negotiations for purposes of applicable rules of evidence.

*Mediation.* If the dispute has not been resolved by direct negotiation within thirty (30) days of the disputing party or parties' Notice, or if the parties failed to meet within thirty (30) days of said Notice, the parties will endeavor to settle the dispute by mediation under the auspices of JAMS.

*Arbitration.* Any dispute subject to these dispute resolution procedures which has not been resolved by direct negotiation or mediation, as provided herein, within ninety (90) days of the Notice will be resolved by binding arbitration in Orange County, California (or such other location as may be mutually agreed upon), in accordance with the applicable arbitration rules of JAMS, as then in effect. Other than with respect to equitable relief, no party will be entitled to commence or maintain any action in a court of law with respect to any matter in dispute or relief required until such matter or request for relief will have been submitted to and decided by the chosen arbitrator and then only for the enforcement of the award of such arbitrator. The decision of the arbitrator will be final and binding upon the

EXHIBIT 9       Page **6** of **7**

Client Initials ███████
Guarantor Initials _____



Morningside™
RECOVERY

Client Name ███████████

parties and all persons claiming under and through them.  All fees and expenses of the arbitrator will be borne equally by the parties.

*Attorneys' Fees.*  If, notwithstanding the above, any action is filed in relation to this Agreement, the prevailing party in such action will be entitled to recover all of its costs incurred in connection therewith, including, without limitation, staff time, court costs, attorneys' fees, consultant and expert fees and any other related expenses.  In this regard, in order to make the prevailing party whole, the parties acknowledge and agree that the prevailing party will be entitled to recover all of its costs incurred and will not be limited to "reasonable attorneys' fees" as defined by any statute, rule of court, or case law.

My signature below indicates that I have read, or have had read and explained to me, the provisions of this Agreement.  I sign this Agreement voluntarily.

This Agreement will be completed and signed in duplicate.  Morningside retains one copy and one copy is given to you.

Client Signatu ██████████

_____    Date

Client Printed █████████████

Guarantor Signature: _____    Date

Guarantor Printed Name: _____

Morningside Reco ██████████

MSR Staff Signatur ██████████

_____    Date

Staff Printed Name: █████████ _____

Title ██████████ _____

EXHIBIT 9   Page **7** of **7**

Client Initials ██████████
Guarantor Initials _____

# EXHIBIT 10

## ASSIGNMENT OF BENEFITS

### Assignment of All Rights and Benefits

In exchange for and in connection with any and all of the service(s) provided to me ("Services") by ▮▮▮▮▮▮▮▮ (the "Provider"), I, the undersigned, hereby irrevocably assign to the Provider all of my rights, benefits, privileges, protections, claims and any other interests of any kind whatsoever, without limitation, including, without limitation, direct payment to the Provider for the Services, appeal rights, rights to fiduciary duties, rights to sue, rights to payment, rights to penalties or interest, rights to plan documents, and rights to information, notices and disclosures from any source (collectively "Rights") that I had, have or may have in the future pursuant to or in connection with any insurance plan, health benefit plan, trust, fund or any other source of payment, insurance, indemnity or health or medical coverage of any kind (collectively "Health Coverage"), such that I am hereby transferring all and retaining none of the Rights under any Health Coverage to which I am now, previously, or may be entitled to in the future. In the event the insurance company sends payment directly to me, I promise to immediately deposit the check and send a Cashier's check to the Provider. In the event I fail to provide the funds to provider as agreed herein, and provider brings legal action to collect said funds, the prevailing party in any litigation shall be entitles to recover reasonable attorney's fees and costs of suit as an element of his or her or its costs. Provider shall also be entitles to pre-judgement interest from the data the services were provided.

### Appointment as Authorized Representative and Right to Sue

I hereby designate the Provider as my duly authorized representative in connection with all matters arising from or relating to Services, Rights and Health Coverage, such that the Provider completely and without reservation stands in my shoes and takes my place for all purposes, and is granted absolute power and legal authority to do, seek, claim, appeal or obtain anything that I would have been entitled to do, seek, claim, appeal or obtain in my own capacity pursuant to or in connection with the Services, Rights or Health Coverage, in any legal, private, administrative, formal or informal process or forum whatsoever and without limitation, including any internal or external appeal, review, grievance or any other process, procedure, or entitlement under any Health Coverage.

Initials

### Agreement to Cooperate

In addition, I hereby agree to personally cooperate with, and take all steps necessary, required or reasonably requested by any Health Coverage, to effectuate, perfect, confirm or validate my assignment and/or authorization of the Provider as my authorized representative, and I promise to assist and cooperate with the Provider as needed or reasonably requested by the Provider in connection with any action in any forum, whether legal, formal or informal, without limitation, commenced or maintained by the Provider in connection with the Services or relating to any Rights provided under the Health Coverage. I understand that, in the event I do not fulfill any of the above obligations, I will remain personally liable for payment for the full charges for the Services to the furthest extent of the law.

Initials

Assignment of Benefits
Accepted and Agreed:

Assignment of Benefits

Revised 2015

# EXHIBITS 11 TO 41
# FILED UNDER SEAL

## CERTIFICATE OF SERVICE

I hereby certify that on May 7, 2020, I caused the

**EXHIBITS TO CONSOLIDATED AMENDED COMPLAINT -- VOL. 2**

to be served upon counsel in the manner described below:

Participants in the case who are registered CM/ECF users will be served by the Central District CM/ECF system.

## VIA THE CENTRAL DISTRICT CM/ECF SYSTEM

*Special Master*

Stephen G Larson
Larson O'Brien LLP
555 South Flower Street Suite 4400
Los Angeles, CA 90071
213-436-4864
slarson@larsonobrienlaw.com

*Aetna Health and Life Insurance Company*

Benjamin H. McCoy
Fox Rothchild LLP
10 Sentry Parkway, Suite 200
Blue Bell, PA 19422
610-397-7972
bmccoy@foxrothschild.com

John Shaeffer
Fox Rothschild LLP
10250 Constellation Boulevard
Suite 900
Los Angeles, CA 90067
310-598-4150
jshaeffer@foxrothschild.com

*Anthem Blue Cross Life and Health Insurance Company*
*Anthem, Inc.*
*Blue Cross of California, Inc.*
*The Anthem Companies of California, Inc.*

Steven D Allison
Samrah R Mahmoud
Troutman Sanders LLP
5 Park Plaza Suite 1400
Irvine, CA 92614
949-622-2700
steve.allison@troutman.com
samrah.mahmoud@troutman.com

Virginia Bell Flynn
Troutman Sanders LLP
4320 Fairfax Drive
Dallas, TX 75205
804-697-1480
virginia.flynn@troutman.com

Chad R Fuller
Troutman Sanders LLP
11682 El Camino Real Suite 400
San Diego, CA 92130
858-509-6000
chad.fuller@troutman.com

*Blue Cross and Blue Shield of Alabama*

Neil J Barker
Neil J Barker APC
225 South Lake Avenue Suite 300
Pasadena, CA 91101
626-440-5980
neiljbarker@sbcglobal.net

1

***Health Care Service Corporation***

2

3

Jonathan Daniel Gershon

Amir Shlesinger

4

Farah Tabibkhoei

Reed Smith LLP

5

335 South Grand Avenue Suite 2900

6

Los Angeles, CA 90071-1514

213-457-8000

7

jgershon@reedsmith.com

8

ashlesinger@reedsmith.com

ftabibkhoei@reedsmith.com

9

10

Dan J Hofmeister, Jr

Reed Smith LLP

11

10 South Wacker Drive Suite 4000

12

Chicago, IL 60606

312-207-6545

13

dhofmeister@reedsmith.com

14

15

***Blue Cross and Blue Shield of Kansas City***

16

17

Jonathan Daniel Gershon

Amir Shlesinger

18

Farah Tabibkhoei

Reed Smith LLP

19

335 South Grand Avenue Suite 2900

20

Los Angeles, CA 90071-1514

213-457-8000

21

jgershon@reedsmith.com

22

ashlesinger@reedsmith.com

ftabibkhoei@reedsmith.com

23

24

Dan J Hofmeister, Jr

Reed Smith LLP

25

10 South Wacker Drive Suite 4000

26

Chicago, IL 60606

312-207-6545

27

dhofmeister@reedsmith.com

28

*Blue Cross and Blue Shield of Kansas Inc*

Kimberly Ann Klinsport
Foley and Lardner LLP
555 South Flower Street Suite 3300
Los Angeles, CA 90071-2411
213-972-4500
kklinsport@foley.com

Michael A Naranjo
Jason Yon-Wai Wu
Foley and Lardner LLP
555 California Street Suite 1700
San Francisco, CA 94104
415-434-4484
mnaranjo@foley.com
jwu@foley.com

*USable Mutual Insurance Company*

Kimberly Ann Klinsport
Foley and Lardner LLP
555 South Flower Street Suite 3300
Los Angeles, CA 90071-2411
213-972-4500
kklinsport@foley.com

Michael A Naranjo
Jason Yon-Wai Wu
Foley and Lardner LLP
555 California Street Suite 1700
San Francisco, CA 94104
415-434-4484
mnaranjo@foley.com
jwu@foley.com

1   ***Bluecross Blueshield of Tennessee Inc.***

2
3   Jason Jonathan Kim
    Ann Marie Mortimer
4   Hunton Andrews Kurth LLP
    550 South Hope Street Suite 2000
5   Los Angeles, CA 90071
6   213-532-2000
    kimj@huntonak.com
7   amortimer@huntonAK.com

8
    John B Shely
9   Bridget B Vick
10  Hunton Andrews Kurth LLP
    600 Travis Street Suite 4200
11  Houston, TX 77002
12  713-220-4200
    jshely@huntonak.com
13  bvick@huntonak.com

14
15  ***Humana Behavioral Health, Inc.***
16  ***Humana Health Plan of California Inc.***
    ***Humana Inc.***
17  ***Humana Insurance Company***

18
19  Ronald K Alberts
    Norvik Azarian
20  Gordon Reese Scully Mansukhani LLP
    633 West Fifth Street 52nd Floor Los Angeles, CA 90071
21  213-576-5000
22  ralberts@grsm.com
    nazarian@grsm.com
23

24

25

26

27

28

***United Behavioral Health***
***United Healthcare Services Inc.***
***Optum Services, Inc.***

Dylan Scott Burstein
Crowell and Moring LLP
515 South Flower Street 40th Floor
Los Angeles, CA 90071
213-622-4750
dburstein@crowell.com

Daniel M Glassman
Stephanie V Phan
Jennifer S. Romano
Crowell and Moring LLP
3 Park Plaza 20th Floor
Irvine, CA 92614-8505
949-263-8400
dglassman@crowell.com
sphan@crowell.com
jromano@crowell.com

***Scott and White Health Plan***
***Scott and White Healthcare***
***Scott and White Care Plans***

Derek Davis
Alan Law
Cooper & Scully, P.C.
505 Sansome Street
Suite 1550
San Francisco, California 94111
415-956-9700
derek.davis@cooperscully.com
alan.law@cooperscully.com

***Cigna HealthCare of California, Inc.***
***Cigna Behavioral Health of California, Inc.***
***Cigna Health and Life Insurance Company***

Jeanne Louise Detch
Mazda K. Antia
Cooley LLP
4401 Eastgate Mall
San Diego, CA 92121
858-550-6000
jdetch@cooley.com
mantia@cooley.com

Matthew D. Caplan
Cooley LLP
1333 2nd St. Suite 400
Santa Monica, CA 90401
415-693-2000
mcaplan@cooley.com

***HMC Healthworks, Inc.***

Kathleen V. Fisher
Rodney James Jacob
Calvo Fisher and Jacob LLP
535 Pacific Avenue
Suite 201
San Francisco, CA 94133
415-374-8370
kfisher@calvofisher.com
rjacob@calvofisher.com

1

***Providence Health Plan***

2

***Providence Health Assurance***
***Providence Health and Services***

3

4

Jose Dino Vasquez
Karr Tuttle Campbell

5

701 5th Avenue
Suite 3300

6

Seattle, WA 98104

7

206-223-1313

8

dvasquez@karrtuttle.com

9

Arden J. Olson

10

Harrang Long Gary Rudnick PC
Oakway Financial Center

11

497 Oakway Road

12

Suite 380
Eugene, OR 97401

13

541-485-0220

14

Arden.j.olson@harrang.com

15

***United Medical Resources, Inc.***

16

17

Dylan Scott Burstein
Crowell and Moring LLP

18

515 South Flower Street 40th Floor
Los Angeles, CA 90071

19

213-622-4750

20

dburstein@crowell.com

21

Daniel M Glassman

22

Stephanie V Phan
Jennifer S. Romano

23

Crowell and Moring LLP

24

3 Park Plaza 20th Floor
Irvine, CA 92614-8505

25

949-263-8400

26

dglassman@crowell.com
sphan@crowell.com

27

jromano@crowell.com

28

1   ***MHNet Specialty Services LLC***

2
    Benjamin H. McCoy
3   Fox Rothchild LLP
    10 Sentry Parkway, Suite 200
4   Blue Bell, PA 19422
    610-397-7972
5   bmccoy@foxrothschild.com
6

7   John Shaeffer
    Fox Rothschild LLP
8   10250 Constellation Boulevard
    Suite 900
9   Los Angeles, CA 90067
    310-598-4150
10  jshaeffer@foxrothschild.com
11

12  ***Meritain Health, Inc.***

13
    Benjamin H. McCoy
14  Fox Rothchild LLP
    10 Sentry Parkway, Suite 200
15  Blue Bell, PA 19422
    610-397-7972
16  bmccoy@foxrothschild.com
17

18  John Shaeffer
    Fox Rothschild LLP
19  10250 Constellation Boulevard
    Suite 900
20  Los Angeles, CA 90067
    310-598-4150
21  jshaeffer@foxrothschild.com
22

23

24

25

26

27

28

1

***First Health Group Corporation***

2

3
Benjamin H. McCoy
Fox Rothchild LLP
4
10 Sentry Parkway, Suite 200
Blue Bell, PA 19422
5
610-397-7972
6
bmccoy@foxrothschild.com

7
John Shaeffer
8
Fox Rothschild LLP
10250 Constellation Boulevard
9
Suite 900
10
Los Angeles, CA 90067
310-598-4150
11
jshaeffer@foxrothschild.com

12

***Connecticare, Inc.***
13

14
Carol Burney Lewis
William Von Behren
15
Von Behren & Hunter LLP
16
2041 Rosecrans Ave.
Suite 367
17
El Segundo, CA 90245
18
310-607-9111
Clewis@vbhlaw.com
19
bvonbehren@vbhlaw.com

20

***Golden Rule Insurance Company***
21

22
Dylan Scott Burstein
Crowell and Moring LLP
23
515 South Flower Street 40th Floor
24
Los Angeles, CA 90071
213-622-4750
25
dburstein@crowell.com

26

27

28

Daniel M Glassman
Stephanie V Phan
Jennifer S. Romano
Crowell and Moring LLP
3 Park Plaza 20th Floor
Irvine, CA 92614-8505
949-263-8400
dglassman@crowell.com
sphan@crowell.com
jromano@crowell.com

***Sierra Health and Life Company***

Dylan Scott Burstein
Crowell and Moring LLP
515 South Flower Street 40th Floor
Los Angeles, CA 90071
213-622-4750
dburstein@crowell.com

Daniel M Glassman
Stephanie V Phan
Jennifer S. Romano
Crowell and Moring LLP
3 Park Plaza 20th Floor
Irvine, CA 92614-8505
949-263-8400
dglassman@crowell.com
sphan@crowell.com
jromano@crowell.com

***Coventry Health Care, Inc.***

Benjamin H. McCoy
Fox Rothchild LLP
10 Sentry Parkway, Suite 200
Blue Bell, PA 19422
610-397-7972
bmccoy@foxrothschild.com

John Shaeffer
Fox Rothschild LLP
10250 Constellation Boulevard
Suite 900
Los Angeles, CA 90067
310-598-4150
jshaeffer@foxrothschild.com

*Medica Health Plans*

Elise D. Klein
Lewis Brisbois Bisgaard and Smith LLP
633 West 5th Street
Suite 4000
Los Angeles, CA 90071
213-250-1800
Elise.klein@lewisbrisbois.com

*Molina Healthcare, Inc.*
*Molina Healthcare of California, Inc.*

Jonathan Daniel Gershon
Amir Shlesinger
Farah Tabibkhoei
Reed Smith LLP
335 South Grand Avenue Suite 2900
Los Angeles, CA 90071-1514
213-457-8000
jgershon@reedsmith.com
ashlesinger@reedsmith.com
ftabibkhoei@reedsmith.com

*AmeriHealth Insurance Company of New Jersey*

Francis X. Manning
Stradley Ronon Stevens & Young LLP
457 Haddonfield Road, Suite 100
Cherry Hill, NJ 08002-2223
856-321-2403
fmanning@stradley.com

Mary Tesh-Glarum
Doll Amir and Eley LLP
725 S. Figueroa St.
Suite 3275
Los Angeles, CA 90017
213-542-3380
mglarum@dollamir.com

***Medical Mutual of Ohio***

S. Christopher Yoo
Alvaradosmith
1 MacArthur Pl., Suite 200
Santa Ana, CA 92707
714-852-6800
cyoo@alvaradosmith.com

***Pacificsource Health Plans***

Joseph C. Campo
Lewis Brisbois
633 W. 5th St.
Suite 4000
Los Angeles, CA 90071
213-680-5072
Joe.campo@lewisbrisbois.com

***Beacon Health Options, Inc.***
***Beacon Health Strategies, LLC***
***ValueOptions Federal Services, Inc.,***
***ValueOptions of California, n/k/a Beacon Health Options of California, Inc.***

Henry I. Willett, III
Christian & Barton LLP
909 East Main Street, Suite 1200
Richmond, VA 23219
804-697-4130
hwillett@cblaw.com

***Common Ground Healthcare Cooperative***

William D. Naeve
Murchison & Cumming
18201 Von Karman Ave.
Suite 1100
Irvine, CA 92612
714-953-2233
wnaeve@murchisonlaw.com

***Providence Health Plan***
***Providence Health Assurance***
***Providence Health and Services***

Arden J. Olson
Harrang Long Gary Rudnick PC
Oakway Financial Center
497 Oakway Road
Suite 380
Eugene, OR 97401
541-485-0220
Arden.j.olson@harrang.com


                              */s/ Craig B. Garner*
                               Craig B. Garner
                              *Counsel for Plaintiff*