MICHAEL A. NARANJO, CA Bar No. 221449
    mnaranjo@foley.com
JASON Y. WU, CA Bar No. 313368
    jwu@foley.com
**FOLEY & LARDNER LLP**
555 CALIFORNIA STREET, SUITE 1700
SAN FRANCISCO, CA 94104-1520
TEL: 415.434.4484
FAX: 415.434.4507

KIMBERLY A. KLINSPORT, CA Bar No. 259018
    kklinsport@foley.com
**FOLEY & LARDNER LLP**
555 SOUTH FLOWER STREET, SUITE 3300
LOS ANGELES, CA 90071-2411
TEL: 213.972.4500
FAX: 213.486.0065

Attorneys for Defendants USAble Mutual Insurance Company d/b/a Arkansas Blue Cross and Blue Shield and as BlueAdvantage Administrators of Arkansas, Blue Cross and Blue Shield of Kansas, Inc., and Blue Cross and Blue Shield of Mississippi

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| ABC SERVICES GROUP, INC., a Delaware corporation, in its capacity as assignee for the benefit of creditors of MORNINGSIDE RECOVERY, LLC, a California limited liability company,<br><br>       Plaintiff,<br><br>    v.<br><br>HEALTH NET OF CALIFORNIA, INC.; HEALTH NET LIFE INSURANCE COMPANY; HEALTH NET, INC.; CENTENE CORPORATION; and DOES 1 through 20, Inclusive,<br><br>       Defendants,<br><br>and Consolidated Actions. | Lead Case No. 8:19-cv-00243-DOC-DFM and other Consolidated Cases<br><br>Consolidated Cases identified in Plaintiff's Response to Nov. 27, 2019 Minute Order [ECF No. 150] and Plaintiff's Supplemental Response to November 27, 2019 Minute Order [ECF No. 344]<br><br>**STIPULATED QUALIFIED PROTECTIVE ORDER**<br><br>Courtroom: 9D<br>Judge: Hon. David O. Carter<br><br>Lead Case Filed: February 6, 2019 |

The Parties to the above-captioned action and all consolidated actions (together, the "Action") stipulate as follows:

1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation may be warranted. Accordingly, the Parties stipulate to and petition the Court to enter this Stipulation and Qualified Protective Order ("Order") so as to prohibit the Parties from using Protected Material (as defined below) for any purpose other than in connection with this Action. Notwithstanding the foregoing, nothing in this Order shall be construed to prohibit a Producing Party (as defined below) from disclosing its own Protected Material to any person for any purpose. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

2.   <u>GOOD CAUSE STATEMENT</u>

The Parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain trade secrets, customer and pricing information, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, competitively sensitive information regarding pricing and customers, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure by contract or under state or federal statutes, court rules, case decisions, or

common law.

The Parties further acknowledge that the information produced in discovery may contain personal and health information subject to the protections of, among other things, the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act (the "HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of Health and Human Services (collectively, the "HIPAA Rules"), including 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), Substance Abuse and Mental Health Services Administration, including 42 U.S.C. § 290dd-2 (the "SAMHSA Rules"), California Health & Safety Code § 11845.5, and California Civil Code §§ 56 et seq. and 1798.82 et seq. (together with the HIPAA Rules and the SAMHSA Rules, the "Privacy and Security Rules"). This Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules, including 45 C.F.R. § 164.512(e)(1)(v). The Parties agree to take all measures necessary to comply with the requirements of the Privacy and Security Rules and any other applicable laws governing the privacy of personal and health information. Such measures include, but are not limited to, the development, implementation, maintenance, and use of appropriate administrative, technical, and physical safeguards, in compliance with the Privacy and Security Rules and applicable state and federal laws, to preserve the integrity, confidentiality, and availability of Protected Material (as defined below). The Parties expressly agree that the citations to the Privacy and Security Rules in this paragraph are for convenience only and that it remains the obligation of each Party to the Action to understand and comply with the obligations imposed by the Privacy and Security Rules and any other applicable state and federal law.

Notwithstanding the prior exchange between Plaintiff and certain of the Consolidated Defendants of documents and information, Consolidated Defendants have requested assurances from Plaintiff that the documents and information that may be produced in discovery relating to the patient claims and treatments at issue, and

specifically personal and health information contained therein, are not subject to the protections of 42 C.F.R. Part 2, including all applicable regulations and guidance (collectively "Part 2") and California Health & Safety Code Section 11845.5. Plaintiff is informed and believes that Morningside Recovery LLC ("Morningside") did not qualify as a provider subject to the disclosure restrictions and requirements under Part 2.[1] To the extent required, Plaintiff is informed and believes that Morningside complied with California Health & Safety Code Section 11845.5(b). As a result, the documents and information that may be produced in discovery relating to the patient claims and treatments at issue, and specifically personal and health information contained therein, are not subject to additional disclosure requirements of Part 2 and are permitted under California Health & Safety Code Section 11845.5(b). Notwithstanding the above, in the event that Plaintiff subsequently discovers that Morningside is subject to Part 2 and/or has not complied with California Health & Safety Code Section 11845.5(b), Plaintiff will notify the Parties and the Court and comply with the applicable and operative legal requirements thereunder.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

///

---

[1] Those restrictions and requirements were amended by the Coronavirus Aid, Relief and Economic Security (CARES) Act (the "CARES Act"), as codified at 42 U.S.C. § 290dd-2 and the disclosure conditions thereunder.

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM

-3-

3.    ACKNOWLEDGMENT OF UNDER SEAL FILING PROCEDURE

The Parties further acknowledge, as set forth in Section 15.3, below, that this Order does not entitle them to file confidential information under seal. Central District of California Local Civil Rule 79-5, as well as the standing orders of this Court, set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, must be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

4. DEFINITIONS

4.1    Action: the above-captioned action, *ABC Services Group, Inc. v. Health Net of California, Inc., et al.*, Case No. 8:19-cv-00243 DOC (DFMx), and all consolidated actions.

4.2    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: "CONFIDENTIAL Information or Items" of such a commercially or competitively sensitive nature that the disclosure to persons other than those listed in paragraph 9.3 would create a substantial risk of serious harm that could not be avoided by less restrictive means.

///

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM

-4-

4.5     <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"</u> <u>Information or Items</u>: "CONFIDENTIAL Information or Items" of such a commercially or competitively sensitive nature that the disclosure to persons other than those listed in paragraph 9.4 would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.6     <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

4.7     <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

4.8     <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery.

4.9     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been asked by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

4.10    <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.11    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

4.12    <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

4.13    <u>Party or Parties</u>: any party to this Action, including all of its officers, directors, employees, and Outside Counsel of Record (and their support staff).

4834-3306-7192.12

4.14   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

4.15   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4.16   <u>Protected Health Information</u>: The term "Protected Health Information" specifically includes "protected health information" as defined in HIPAA as well as "Medical Information" as defined by the California Confidentiality of Medical Information Act, Civ. Code § 56.05(j). "Protected Health Information" includes, but is not limited to, medical bills, claims forms, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, audit letters, checks, notices, and requests. "Protected Health Information" also includes all notes, summaries, compilations, extracts, abstracts, or oral communications that contain, are based on, or are derived from "Protected Health Information."

4.17   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

4.18   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that is reasonably foreseeable to reveal Protected Material.

///

STIPULATION & QUALIFIED PROTECTIVE ORDER
-6-   Case No. 8:19-cv-00243 DOC DFM

Any use of Protected Material at trial will be governed by the orders of the trial judge and other applicable authorities. This Order does not govern the use of Protected Material at trial. Nothing in this Order shall restrict, broaden, or affect the admissibility of evidence in this Action.

6.   <u>DURATION</u>

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

7.   <u>DESIGNATING PROTECTED MATERIAL</u>

7.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must, to the extent practicable, designate for protection only those parts of material, documents, items, or communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7.2   <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL"

("CONFIDENTIAL legend"), "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend"), or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" ("HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY legend") to each page of the document containing Protected Material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions of documents, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend", the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY legend", or the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY legend" to each page of the document containing Protected Material.

(b)     for deposition exhibits, portions of deposition testimony, or any video recording of a deposition proceeding, any Party or Non-Party may designate as Protected Material deposition exhibits or portions of deposition testimony by informing the reporter (and videographer, if applicable) during the deposition or by sending, within thirty (30) days after the reporter makes the final uncorrected deposition transcript available to all parties, a letter to all attorneys of record and to the deposition reporter (and videographer, if applicable) designating the exhibits to be so restricted, designating by page and line any portions of transcript to be so restricted, or the entire transcript if applicable, and specifying the level of protection being asserted. If all or a portion of a proceeding is videotaped, the video recording will have the same level of protection that is designated by a Party for the transcript of the proceeding.

///

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM

-8-

When deposition exhibits or deposition testimony are designated Protected Material by informing the reporter during the deposition, the transcript and any exhibits containing Protected Material shall have an obvious legend on the title page indicating that the transcript and exhibits contain Protected Material. If any portion of a videotaped proceeding is designated pursuant to this section, the videocassette, compact disc, or other video container shall be labeled with the appropriate confidentiality designation. The Designating Party shall inform the court reporter (and videographer, if applicable) of this requirement.

During the 30-day period, or a shorter period if agreed to by the Parties, following first availability of the final uncorrected deposition transcript, deposition exhibits, the deposition transcript, and/or the video recording will be designated "HIGHLY CONFIDENTIAL-OUTSIDE COUNSEL ONLY" in their entirety unless otherwise agreed. After the expiration of that period, the deposition exhibits, the deposition transcript, or the video recording shall be treated as actually designated. If no designation is made within the 30-day period, the materials shall be considered to not contain any Protected Material. A Party may challenge a designation of a deposition transcript, deposition exhibit, and/or video recording pursuant to the procedure set forth in Paragraph 8 herein.  Documents previously marked as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" that are later used as deposition exhibits shall automatically retain those designations with no further required action by any Party.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other parties can ensure that only individuals who are authorized to attend and who have signed the Non-Disclosure Agreement (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM

-9-

(c)      for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, must identify the protected portion(s).

7.3     <u>Inadvertent Failures to Designate</u>. A document produced or disclosed without a "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" designation may be subsequently designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." In each such case, the Producing Party designating the document as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" shall provide to the other Party written notice of that designation and a copy of the document marked or identified under this paragraph. The disclosure by the Producing Party, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either on the specific information disclosed or on any other information relating thereto or on the same or related subject.  A Party may challenge such a designation pursuant to the procedure set forth in Paragraph 8 herein.

8.     <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1.     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2     <u>Meet and Confer</u>. The Challenging Party must initiate the dispute resolution process under Local Rule 37-1 *et seq*.

8.3  <u>Joint Stipulation</u>. Any challenge submitted to the Court must be through a joint stipulation under Local Rule 37-2.

8.4  The burden of persuasion in any challenge proceeding will be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

9.1  <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party and all recipients of Protected Material must comply with the provisions of section 16 below (FINAL DISPOSITION).

Protected Material must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

9.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record;

(b)  the officers, directors, and employees, including House Counsel, of the Receiving Party;

(c)  Experts (as defined in this Order) of the Receiving Party for this Action and who have signed the "Acknowledgment and Agreement to Be Bound"

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM
-11-

(Exhibit A);

(d)     the court and its personnel;

(e)     court reporters, videographers, and their staff who are employed in the Action for the purpose of transcribing or recording depositions, hearings, or other proceedings in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or bona fide recipient of a document containing the information or a custodian or other person who is reasonably expected to possess knowledge of the information discussed in the document;

(h)     during their depositions, deponents, and attorneys for deponents, in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and must not be disclosed to anyone except as permitted under this Order; and

(i)     mediators or settlement officers and their supporting personnel mutually agreed upon by any of the Parties engaged in settlement discussions pertaining to the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

9.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

///

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM

-12-

4834-3306-7192.12

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters, videographers, and their staff who are employed in the Action for the purpose of transcribing or recording depositions, hearings, or other proceedings in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or bona fide recipient of a document containing the information or a custodian or other person who is reasonably expected to possess knowledge of the information discussed in the document;

(h)     during their depositions, deponents who are the author or bona fide recipient of a document containing the information or a custodian or other person who is reasonably expected to possess knowledge of the information discussed in the document, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and must not be disclosed to anyone except as permitted under this Order.  The restrictions on the use of information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" with a deponent do not apply to the use by a Designating Party of its own so-designated

materials during depositions of its directors, officers, employees or retained experts who are being deposed; and

(i)     mediators or settlement officers and their supporting personnel mutually agreed upon by any of the Parties engaged in settlement discussions pertaining to the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to the extent use is expressly permitted by the Designating Party. Notwithstanding this section, Plaintiff and the Designating Party may agree otherwise in writing to the extent such disclosure only applies to them.

9.4     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a)     the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(d)     court reporters, videographers, and their staff who are employed in the Action for the purpose of transcribing or recording depositions, hearings, or other proceedings in the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or bona fide recipient of a document containing the information or a custodian or other person who is reasonably expected to possess

knowledge of the information discussed in the document;

(g)     during their depositions, deponents who are the author or bona fide recipient of a document containing the information or a custodian or other person who is reasonably expected to possess knowledge of the information discussed in the document, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and must not be disclosed to anyone except as permitted under this Order.  The restrictions on the use of information or items designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" with a deponent do not apply to the use by a Designating Party of its own so-designated materials during depositions of its directors, officers, employees or retained experts who are being deposed; and

(h)     mediators or settlement officers and their supporting personnel mutually agreed upon by any of the Parties engaged in settlement discussions pertaining to the Action who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to the extent use is expressly permitted by the Designating Party. Notwithstanding this section, Plaintiff and the Designating Party may agree otherwise in writing to the extent such disclosure only applies to them.

10.  <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena, a court order issued in other litigation, or request for information from a regulatory or enforcement agency that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY", that Party must, unless prohibited by law:

(a)     promptly notify in writing the Designating Party. The notification shall include a copy of the subpoena, court order, or request for information;

(b)      promptly notify in writing the party who caused the subpoena, court order, or request for information to issue in the other litigation that some or all of the material covered by the subpoena, court order, or request for information is subject to this Order. The notification shall include a copy of this Order; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena, court order, or request for information may not produce any information designated in this action as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" before a determination by a court ordering disclosure of such information, unless the Party has obtained the Designating Party's permission. The Designating Party will bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

11.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY", or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY".  Information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(a)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party must:

///

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(b)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party may not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed the Protected Material of another Designating Party to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or request destruction of all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request those person or persons to execute the "Acknowledgment an Agreement to Be Bound" attached as Exhibit A.

///

///

///

STIPULATION & QUALIFIED PROTECTIVE ORDER
Case No. 8:19-cv-00243 DOC DFM
-17-

4834-3306-7192.12

13.     <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

    13.1   When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material, or material inadvertently not designated as Protected Material, is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. Pursuant to Federal Rule of Evidence 502(d), neither the attorney-client privilege nor work product protection is waived by disclosure connected with this Action.  Nothing herein shall be deemed to waive any privilege or work product protection. Additionally, nothing in this Order shall require production of documents, information, or other materials that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other materials subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity.

    13.2   The inadvertent, unintentional, or in camera disclosure of Protected Material shall not be deemed a waiver in whole or in part of any Party's claims of confidentiality.

14.     <u>QUALIFIED HIPAA PROTECTIVE ORDER</u>

    14.1   The Parties are hereby granted the right to produce, to use, to exchange, and to obtain from any Party or health care provider, health plan, or other HIPAA-covered entity, or business associate of a covered entity, all information relating to the provision of health care or billing or payment for the provision of such health care for the medical claims at issue in the Action.

    14.2   This Order authorizes any third party provided with an authorized request for the production of documents or deposition or trial attendance to disclose relevant

Protected Health Information in response to such request. This Order is intended to authorize such disclosures under the privacy regulations issued under HIPAA. *See* <u>45 C.F.R. § 164.512(e)(1)(i)</u>.

14.3  The Parties are expressly prohibited from using or disclosing any Protected Health Information obtained under this Order for any purpose other than in relation to the Action.

## 15.  <u>MISCELLANEOUS</u>

15.1  Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court through a regularly noticed motion. However, if all Parties agree to the proposed modification, the Parties can file a revised Order that incorporates the proposed modification.

15.2  Right to Assert Other Objections. By stipulating to the entry of this Order, no Party waives any right to object to disclosing or producing or using in evidence any information or item on any ground not addressed in this Order.

15.3  Filing Protected Material. A Party seeking to file under seal any Protected Material must comply with Local Civil Rule 79-5. Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material. If a Party's request to file Protected Material under seal is denied by the court, the Receiving Party may file the information in the public record unless otherwise instructed by the court.

15.4  Each person who signs Exhibit A voluntarily submits to the jurisdiction of the Court with respect to this Order.

15.5  There shall be no unauthorized disclosure outside of the Action of any Protected Material by any person authorized to have access under this Order.

15.6  This Order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party or otherwise by operation of law. To the extent they already exist, all such obligations remain in full force and effect notwithstanding this Order.

15.7   Review of the Protected Material by counsel, experts, or consultants for the Parties in the Action shall not waive the confidentiality of the documents or objections to production or discovery.

15.8   The Parties agree that the use and disclosure of certain Protected Health Information between the Parties can be performed in the ordinary course of business under HIPAA's regulatory provisions regarding uses and disclosures related to payment, treatment, or healthcare operations, including but not limited to 45 C.F.R. §§ 164.501, 164.502, and 164.506.

16.   FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, all Protected Material must be returned to the Producing Party or destroyed or deleted. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed or deleted, the Receiving Party or recipient of Protected Material must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, destroyed, or deleted and (2) affirms that the Receiving Party or recipient of Protected Material has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial transcripts, deposition transcripts, hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if the materials contain Protected Material. Any archival copies that contain or constitute Protected Material remain subject to this Order.

///

///

STIPULATION & QUALIFIED PROTECTIVE ORDER
-20-    Case No. 8:19-cv-00243 DOC DFM

4834-3306-7192.12

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  April 21, 2020          **GARNER HEALTH LAW CORPORATION**


                                _/s/ Craig B. Garner_
                                Craig B. Garner
                                Attorneys for Plaintiff ABC SERVICES GROUP, INC.

DATED:  April 21, 2020          **FOLEY & LARDNER LLP**
                                MICHAEL A. NARANJO
                                KIMBERLY A. KLINSPORT
                                JASON Y. WU


                                _/s/ Michael A. Naranjo_
                                Michael A. Naranjo
                                Attorneys for Defendants USABLE MUTUAL INSURANCE COMPANY D/B/A ARKANSAS BLUE CROSS AND BLUE SHIELD AND BLUEADVANTAGE ADMINISTRATORS OF ARKANSAS; BLUE CROSS AND BLUE SHIELD OF KANSAS, INC.; and BLUE CROSS AND BLUE SHIELD OF MISSISSIPPI

4834-3306-7192.12

DATED:  April 21, 2020

**MANATT, PHELPS & PHILLIPS, LLP**
GREGORY N. PIMSTONE
JOHN M. LEBLANC
ILEANA M. HERNANDEZ
SAMUEL A. CANALES


*/s/ Ileana M. Hernandez*
Ileana M. Hernandez
Attorneys for Defendants HEALTH NET, INC.; HEALTH NET OF CALIFORNIA, INC.; HEALTH NET LIFE INSURANCE COMPANY; HEALTH NET HEALTH PLAN OF OREGON, INC.; HEALTH NET OF ARIZONA, INC.; CENTENE CORPORATION; BLUE SHIELD OF CALIFORNIA LIFE & HEALTH INSURANCE COMPANY; CALIFORNIA PHYSICIANS' SERVICE DBA BLUE SHIELD OF CALIFORNIA; CELTIC INSURANCE COMPANY; and NIPPON LIFE INSURANCE COMPANY OF AMERICA

DATED:  April 21, 2020

**GORDON REES SCULLY MANSUKHANI, LLP**


*/s/ Ronald K. Alberts*
Ronald K. Alberts
Norvik Azarian
Attorneys for Defendants HUMANA HEALTH PLAN OF CALIFORNIA, INC.; HUMANA BEHAVIORAL HEALTH, INC.; HUMANA, INC.; HUMANA INSURANCE COMPANY; HUMANA MEDICAL PLAN; HUMANA EMPLOYERS HEALTH PLAN OF GEORGIA, INC.; HUMANA HEALTH BENEFIT PLAN OF LOUISIANA, INC.; HUMANA HEALTH PLAN OF TEXAS, INC.; AND HUMANA HEALTH PLAN, INC.

4834-3306-7192.12

DATED: April 21, 2020

**FRANTZ WARD, LLP**
**ALVARADOSMITH**
**A PROFESSIONAL CORPORATION**

_/s/ Gregory Farkas_

Gregory Farkas
S. Christopher Yoo
Jacob M. Clark
Attorneys for Defendants MEDICAL MUTUAL OF OHIO; MEDICAL MUTUAL SERVICES, LLC; MEDMUTUAL LIFE INSURANCE COMPANY; and MEDICAL HEALTH INSURING CORPORATION OF OHIO

DATED: April 21, 2020

**COOLEY LLP**
Mazda K. Antia (SBN 214963)
Matthew D. Caplan (SBN 260388)
Jeanne L. Detch (SBN 296160)

_/s/ Matthew D. Caplan_

Matthew D. Caplan
Attorneys for Defendants CIGNA HEALTHCARE OF CALIFORNIA, INC.; CIGNA BEHAVIORAL HEALTH OF CALIFORNIA, INC.; and CIGNA HEALTH AND LIFE INSURANCE COMPANY

DATED: April 21, 2020

**TROUTMAN SANDERS LLP**

_/s/ Steven D. Allison_

Steven D. Allison
Chad R. Fuller
Samrah R. Mahmoud
Virginia Bell Flynn
Attorneys for Defendants ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY; ANTHEM, INC.; and ANTHEM, INC. DBA ANTHEM HEALTH, INC.

STIPULATION & QUALIFIED PROTECTIVE ORDER
-23-                Case No. 8:19-cv-00243 DOC DFM

4834-3306-7192.12

DATED:  April 21, 2020            **CALVO, FISHER & JACOB, LLP**


                                  */s/ Rodney J. Jacob*
                                  Rodney J. Jacob
                                  Attorneys for Defendant HMC
                                  HEALTHWORKS, INC.

DATED:  April 21, 2020            **VON BEHREN & HUNTER LLP**


                                  */s/ Carol B. Lewis*
                                  William E. von Behren
                                  Carol B. Lewis
                                  Attorneys for Defendant CONNECTICARE,
                                  INC.

DATED:  April 21, 2020            **MURCHISON & CUMMING, LLP**


                                  */s/ William D. Naeve*
                                  William D. Naeve
                                  Attorneys for Defendant COMMON GROUND
                                  HEALTHCARE COOPERATIVE

DATED:  April 21, 2020            **LEWIS BRISBOIS BISGAARD & SMITH**


                                  */s/ Joseph C. Campo*
                                  Joseph C. Campo
                                  Attorneys for Defendant PACIFICSOURCE
                                  HEALTH PLANS

DATED:  April 21, 2020            **LATHROP GPM, LLP**


                                  */s/ Gregory R. Merz*
                                  Gregory R. Merz
                                  Amy Erickson
                                  Alexandra Roje
                                  Attorneys for Defendant GROUP HEALTH
                                  PLAN, D/B/A HEALTHPARTNERS

STIPULATION & QUALIFIED PROTECTIVE ORDER
-24-            Case No. 8:19-cv-00243 DOC DFM

DATED:  April 21, 2020                    **KARR TUTTLE CAMPBELL**


                                          */s/ J. Dino Vasquez*
                                          J. Dino Vasquez
                                          Attorneys for Defendant PROVIDENCE
                                          HEALTH ASSURANCE


DATED:  April 21, 2020                    **COOPER & SCULLY, P.C.**


                                          */s/ Alan Law*
                                          Derek Davis
                                          Alan Law
                                          Attorneys for Defendants SCOTT AND
                                          WHITE HEALTH PLAN; SCOTT AND
                                          WHITE HEALTHCARE; and SCOTT AND
                                          WHITE CARE PLANS

DATED:  April 21, 2020                    **HUNTON ANDREWS KURTH LLP**


                                          */s/ Bridget B. Vick*
                                          Ann Marie Mortimer
                                          Jason J. Kim
                                          John B. Shely
                                          Bridget B. Vick
                                          Attorneys for Defendant BLUECROSS
                                          BLUESHIELD OF TENNESSEE, INC.

STIPULATION & QUALIFIED PROTECTIVE ORDER
-25-          Case No. 8:19-cv-00243 DOC DFM

4834-3306-7192.12

1  DATED:  April 21, 2020                **LEWIS BRISBOIS BISGAARD & SMITH
2                                        LLP**

3

4                                        */s/ Elise D. Klein*
                                         Elise D. Klein
5                                        Attorneys for Defendants COMPSYCH
                                         CORPORATION; MEDICA
6                                        CORPORATION; VALUEOPTIONS
                                         FEDERAL SERVICES, INC.;
7                                        VALUEOPTIONS OF CALIFORNIA, INC.;
                                         BEACON HEALTH STRATEGIES, LLC; and
8                                        BEACON HEALTH OPTIONS,
                                         INC.
9

10 DATED:  April 21, 2020                **CALL & JENSEN
11                                       A PROFESSIONAL CORPORATION**

12

13                                       */s/ Nilab Rahyar Tolton*
                                         Chris C. Scheithauer
14                                       Nilab Rahyar Tolton
                                         Attorneys for Defendant UNITED CLAIM
15                                       SOLUTIONS, LLC DBA VALENZ
                                         CLAIM
16

17 DATED:  April 21, 2020                **FOX ROTHSCHILD LLP**
18

19

20                                       */s/ Benjamin H. McCoy*
                                         John Shaeffer
21                                       Benjamin H. McCoy
                                         Attorneys for Defendants AETNA HEALTH
22                                       AND LIFE INSURANCE COMPANY;
                                         MERITAIN HEALTH, INC.; COVENTRY
23                                       HEALTH CARE, INC.; MHNET SPECIALTY
                                         SERVICES, LLC; and FIRST HEALTH
24                                       GROUP CORPORATION

25

26

27

28

4834-3306-7192.12

1   DATED:  April 21, 2020                **REED SMITH LLP**

2

3                                         */s/ Farah Tabibkhoei*
                                          _____
4                                         Amir Shlesinger
                                          Farah Tabibkhoei
5                                         Jonathan D. Gershon
                                          Attorneys for Defendant HEALTH CARE
6                                         SERVICE CORPORATION, A MUTUAL
                                          LEGAL RESERVE COMPANY, DOING
7                                         BUSINESS IN OKLAHOMA AS BLUE
                                          CROSS AND BLUE SHIELD OF
8                                         OKLAHOMA; BLUE CROSS AND BLUE
                                          SHIELD OF KANSAS CITY; MOLINA
9                                         HEALTHCARE, INC.; and MOLINA
                                          HEALTHCARE OF CALIFORNIA, INC.
10

11  DATED:  April 21, 2020                **DOLL AMIR ELEY LLP**

12

13                                        */s/ Krista Hernandez*
                                          _____
14                                        Krista Hernandez
                                          Attorneys for Defendant AMERIHEALTH
15                                        INSURANCE COMPANY OF NEW JERSEY
                                          DBA AMERIHEALTH NEW JERSEY, A
16                                        NEW JERSEY CORPORATION

17  DATED:  April 21, 2020                **STRADLEY RONON STEVENS &
18                                        YOUNG, LLP**

19

20                                        */s/ Francis X. Manning*
                                          _____
21                                        Francis X. Manning
                                          Attorneys for Defendant AMERIHEALTH
22                                        INSURANCE COMPANY OF NEW JERSEY
                                          DBA AMERIHEALTH NEW JERSEY, A
23                                        NEW JERSEY CORPORATION

24

25

26

27

28

DATED:  April 21, 2020

**CROWELL & MORING LLP**

*/s/ Daniel M. Glassman*
Jennifer S. Romano
April N. Ross
Daniel M. Glassman
Dylan S. Burstein
Attorneys for Defendant UNITED HEALTHCARE SERVICES, INC.; UNITED BEHAVIORAL HEALTH; OPTUM SREVICES, INC.; UNITED MEDICAL RESOURCES, INC.; SIERRA HEALTH AND LIFE INSURANCE COMPANY; and GOLDEN RULE INSURANCE COMPANY

DATED:  April 21, 2020

**NEIL J. BARKER, A PROFESSIONAL CORPORATION**

*/s/ Neil J. Barker*
Neil J. Barker
Attorneys for Defendant BLUE CROSS AND BLUE SHIELD OF ALABAMA

\* Pursuant to Local Rule 5-4.3.4.(a)(2)(i), the filing party attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.

## ORDER

    For good cause shown, the Court grants and enters the Stipulation and Qualified Protective Order.

IT IS SO ORDERED.

Dated:  June 25, 2020

*David O. Carter*
_____
JUDGE OF THE U. S. DISTRICT COURT

STIPULATION & QUALIFIED PROTECTIVE ORDER
-28-
Case No. 8:19-cv-00243 DOC DFM

4834-3306-7192.12

# EXHIBIT A

## Acknowledgment and Agreement to Be Bound

I affirm that I have read the Stipulation and Qualified Protective Order entered in *ABC Services Group, Inc. v. Health Net of California, Inc., et al.*, United States District Court, Central District of California, Case No. Case No. 8:19-cv-00243 DOC (DFMx), and all consolidated actions. I understand its terms and agree to be bound by them.


Signature: _____

Print Name: _____

Date: _____

STIPULATION & QUALIFIED PROTECTIVE ORDER
-29-
Case No. 8:19-cv-00243 DOC DFM

4834-3306-7192.12