**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-00243-DOC-DFM
AND CONSOLIDATED CASES

Date: July 29, 2020

Title: ABC SERVICES GROUP, INC. v. HEALTH NET OF CALIFORNIA, INC. ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Kelly Davis | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS [411]**

This action consists of twenty-nine consolidated cases, brought by Plaintiff ABC Services Group, Inc. ("Plaintiff") against numerous health insurance companies (collectively, the "Consolidated Defendants"). The "Moving Defendants"—a large subset of the Consolidated Defendants—now bring before the Court their Consolidated Motion to Dismiss ("Motion") (Dkt. 411), accompanied by a supporting Memorandum (Dkt. 411-1). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court now GRANTS the Moving Defendants' Motion.

## I. Background

### A. Facts

The Court recently laid out the alleged factual basis for this case in its Minute Order Granting Defendants' Consolidated Motion to Dismiss ("Dismissal Order")

(Dkt. 383), and incorporates by reference that account of the facts. As such, the following brief summary will suffice: Morningside Recovery, LLC ("Morningside") was a treatment facility offering medical services for mental health and substance abuse patients at its facility in Irvine, California. Morningside treated patients with insurance plans provided by the Consolidated Defendants (collectively, the "Patients"). Although Morningside treated the Patients only after receiving authorization and verification of benefits from the Consolidated Defendants, the Patients' claims for reimbursement were denied. Each of the Patients assigned to Morningside all of their legal and equitable rights, including the right to recover benefits owed under their insurance plans. Morningside in turn assigned to Plaintiff all of Morningside's property, rights, and claims, including the right to sue on behalf of Morningside's creditors. *See* Dismissal Order at 1-2.

### B. Procedural History

After a series of orders consolidating Plaintiff's cases, on November 27, 2019, the Court ordered Plaintiff to file a summary of Plaintiff's causes of action and the individual Defendants against which they were asserted (Dkt. 125).

Against these causes of action, a Consolidated Motion to Dismiss (Dkt. 223) was filed on January 21, 2020, which the Court granted via the Dismissal Order (Dkt. 383) on May 4, 2020. The Court dismissed with prejudice all of Plaintiff's claims, excluding Plaintiff's state law contract claims, for which the Court granted Plaintiff leave to amend. *See generally* Dismissal Order.

On May 7, 2020, Plaintiff filed the Consolidated Amended Complaint (Dkt. 386), bringing the following to claims:

(1) breach of contract (third-party beneficiary); and
(2) breach of contract (assignment).

*See generally* CAC.

The Moving Defendants filed the instant Motion (Dkt. 411) on May 28, 2020. On June 8, 2020, Plaintiff filed its Opposition brief (Dkt. 420), and the Moving Defendants submitted a Reply (Dkt. 421) on June 15, 2020.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint must be dismissed under Rule 12(b)(6) when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Making such a determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to

amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.”).

## III. Discussion

### A. Plaintiff’s State Law Claims Are Preempted to the Extent They Relate to a Health Insurance Plan Governed by ERISA

As the Ninth Circuit has explained, ERISA is doubly preemptive of related state law claims. “First, ERISA section 514(a) expressly preempts all state laws ‘insofar as they may now or hereafter relate to any employee benefit plan,’” with an exception for insurance, banking, and securities laws. *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005) (citing 29 U.S.C. § 1144(a)-(b)). “Second, ERISA section 502(a) contains a comprehensive scheme of civil remedies to enforce ERISA’s provisions. A state cause of action that would fall within the scope of this scheme of remedies is preempted as conflicting with the intended exclusivity of the ERISA remedial scheme.” *Id.* (citing 29 U.S.C. § 1132(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214 n.4 (2004)).

For purposes of express preemption, state law claims “relate to” an ERISA plan if they have a “reference to” or an “impermissible ‘connection with’” an ERISA plan. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019) (citations omitted). A state law claim has a reference to an ERISA if it is “premised on the existence of an ERISA plan” or if “the existence of the plan is essential to the claim’s survival.” *Id.* (quoting *Or. Teamster Emp’rs Tr. v. Hillsboro Garbage Disposal, Inc.*, 800 F.3d 1151, 1155-56 (9th Cir. 2015)).

Here, whenever Plaintiff has alleged the breach of an ERISA health insurance plan, its state law claims are premised on that same conduct, i.e., Defendants’ allegedly wrongful denial of benefits. Thus, in any of the consolidated cases involving a claim pursuant to an insurance plan governed by ERISA, the associated state law claims are preempted under ERISA’s express preemption provision. (Similarly—though the Court need not find a second basis for preemption—they are also preempted for being duplicative of ERISA’s exclusive remedial scheme.)

The Court notes that Plaintiff does not seek to bring claims under a plan governed by ERISA in the CAC. *See* CAC ¶ 68. However, the Moving Defendants note that some of the breach of contract claims in the CAC are based on ERISA policies. Mem. at 7. Plaintiff agrees that these claims have been dismissed with prejudice. *Id.* Therefore, as

the Court explained in the Dismissal Order, these claims are hereby DISMISSED WITH PREJUDICE.

### B. Plaintiff Fails to State a Claim for Breach of Contract Under Any Legal Theory

The Moving Defendants argue that Plaintiff has deficiently pleaded its breach of contract claims. According to the Moving Defendants, "Plaintiff has, yet again, failed to plead specific contract terms that were allegedly breached." Mem. at 10. In support of this position, the Moving Defendants cite case law to the effect that dismissal of a breach of contract claim is proper when a plaintiff fails to allege any provision of the contract to support the claim. *Id.* at 7-8 (citing *Miron v. Herbalife Int'l, Inc.*, 11 F. App'x 927, 929 (9th Cir. 2001), and *Manlin v. Ocwen Loan Servicing, LLC*, No. 16-06625-AB (KSx), 2018 WL 3326656, at *4 (C.D. Cal. June 5, 2018)).

Although Plaintiff argues that it has adequately pleaded its breach of contract claims, it does not cite any controlling Ninth Circuit or Supreme Court case law to suggest that it need not plead any specific provisions of the contracts. *See generally* Opp'n at 5-16. While Plaintiff also argues that it does not have all the plans or know their terms, *see* CAC ¶¶ 103, 112, it has not pleaded any specific contract terms for those plans that it does possess.

Additionally, to the extent that Plaintiff attaches "example plans" to the CAC and alleges that the Moving Defendants failed to pay for services covered under such plans, such pleading amounts to nothing more than conclusory allegations insufficient under *Iqbal* and *Twombly*.

Because Plaintiff has again neglected to identify any contract provisions to support its breach of contract claims—even for those contracts which Plaintiff has in its possession—the Court finds that the breach of contract claims must be dismissed. Given the number of chances Plaintiff has had to plead these claims, and Plaintiff's failure to plead specific contract terms even for plans that Plaintiff has available, the Court finds that further amendment would be futile. Therefore, both of Plaintiff's breach of contract claims are hereby DISMISSED WITH PREJUDICE.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-00243-DOC-DFM
*and consolidated cases*

Date: July 29, 2020



## IV. Disposition

For the reasons set forth above, the Court GRANTS Defendants' Motion to Dismiss. Plaintiff's Consolidated Amended Complaint is hereby DISMISSED WITH PREJUDICE.

On or before August 3, 2020, Plaintiff shall file a list of the remaining defendants in this case, the case number(s) corresponding to each remaining defendant, and the claim(s) asserted against each remaining defendant.

The Clerk shall serve this minute order on the parties.



Initials of Deputy Clerk: kd