**JS 6**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA,**
**SOUTHERN DIVISION**

| | |
|---|---|
| ABC SERVICES GROUP, INC.<br>**Plaintiff,**<br><br>**vs.**<br><br>HEALTH NET OF CALIFORNIA, INC., et al.,<br>**Defendants.** | **Lead Case: 8:19-cv-00243-DOC (ADS)**<br>Hon. David O. Carter<br><br><br><br>**ORDER GRANTING DEFENDANTS' CONSOLIDATED MOTION TO DISMISS [602]** |

Before the Court is an action brought by Plaintiff ABC Services Group, Inc. ("Plaintiff") against numerous health insurance companies (collectively, the "Consolidated Defendants"). Thirty-six "Moving Defendants"—a large subset of the Consolidated Defendants—now bring before the Court their Consolidated Motion to Dismiss ("Mot.") (Dkt. 602). The Court heard oral argument on June 10, 2022. Having reviewed the moving papers submitted by the parties, the Court now **GRANTS** the Moving Defendants' Motion.

## I. BACKGROUND

This case arises out of a dispute relating insurance benefits.

### A. Facts

The following facts are drawn from Plaintiff's Second Consolidated Amended Complaint ("SCAC") (Dkt. 589). Morningside Recovery, LLC ("Morningside") was a treatment facility offering medical and mental health services for patients suffering from mental health and substance use disorders ("SUDs") at its facility in Irvine, California. SCAC ¶ 2. Moving Defendants are health insurance companies licensed to do business in California as providers of health insurance benefits. *Id.* ¶¶ 3-38. Beginning no later than 2014, Consolidated Defendants offered health insurance plans that included coverage for mental health and SUDs. *See id.* ¶ 57. This coverage included partial reimbursement of costs for mental health and SUD treatment from out-of-network providers, including Morningside. *Id.* ¶¶ 57, 61-63, 65.

Morningside provided medical health and SUD treatment to patients with insurance plans provided by the Consolidated Defendants (collectively, the "Patients"). *See id.* ¶ 2. Before undertaking any service or treatment, Morningside alleges that it sought and received authorization from the Moving Defendants to treat the Patients; the Moving Defendants also allegedly verified that each of the Patients had coverage for the treatment sought. *Id.* ¶ 68. Nevertheless, Plaintiff alleges that the Consolidated Defendants improperly denied or underpaid the Patients' claims for reimbursement. *See id.* ¶ 100.

Each of the Patients allegedly assigned all of their legal and equitable rights to Morningside, including the right to recover benefits owed under their insurance plans. *See id.* ¶

73. In turn, on or about September 21, 2018, Morningside assigned to Plaintiff "all of Morningside's property and every right, claim and interest of Morningside, including the right to prosecute this action for the benefit of Morningside's creditors." *Id.* ¶ 45.

### B. Procedural History

In May of 2020, this Court issued an Order ("Order") (Dkt. 383) granting Consolidated Defendants' motion to dismiss Plaintiff's lawsuit in its entirety. In October of 2020, Plaintiff filed their Notice of Appeal ("Not. Appeal") (Dkt. 450) to the Ninth Circuit Court of Appeals. The Ninth Circuit ("9th Cir. Order") (Dkt. 541) subsequently affirmed this Court's judgment as to Plaintiff's contract and quantum meruit claim and remanded Plaintiff's ERISA claim for the Court's further review.

Plaintiff filed its Second Amended Consolidated Complaint (Dkt. 589) in February of 2022. Moving Defendants then filed a motion to dismiss Plaintiff's Second Consolidated Amended Complaint ("Mot.") (Dkt. 602-1) and Plaintiff filed its opposition ("Opp'n") (Dkt. 615) in May of 2022. Moving Defendants submitted their reply ("Reply") (Dkt. 621) in May of 2022.

## II. Legal Standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." To meet that standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint must be dismissed under Rule 12(b)(6) when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Twombly*, 550 U.S. at 555 (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Making such a determination is a "context-specific task that

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

## III. DISCUSSION

Moving Defendants now move for dismissal on Plaintiff's sole remaining ERISA claim. Mot. at 1. Moving Defendants contend that Plaintiff's claim fails upon four principal bases: (1)

lack of standing; (2) Plaintiff's failure to cite with specificity a specific plan or specific plan provisions upon which this action was brought; (3) failure to exhaust remedies or adequately allege the futility of pursuing those remedies; and (4) improper pleading. *Id.* at 9, 13, 21, 23. Moving Defendants lastly request the dismissal of this matter with prejudice. *Id.* at 27. Because the Ninth Circuit opinion directed the Court to consider the effect of *Bristol* on its prior holding, the Court begins with the issue of standing and then discusses Moving Defendants' arguments regarding the adequacy of Plaintiff's pleadings with respect to the plan.

**A. ABC Lacks Standing to Bring its Claim of Benefits Under ERISA**

Moving Defendants claim that Plaintiff fails to adequately plead standing for its ERISA claim in part because: (1) the *Bristol* exception does not apply; and (2) Plaintiff has not adequately proved that each individual assigned their rights to benefits to Morningside. Mot at 14. The Court considers each in turn.

**i. Second Assignment from Morningside to ABC**

This Court's prior Order (Dkt. 383) granted Consolidated Defendants' Motion to Dismiss with respect to ERISA claims on the basis of standing. Order at 4. In so doing, the Court noted that "[t]he Ninth Circuit has expressly declined to further extend standing to the assignees of healthcare providers." *Id.* at 5 (citing *Simon v. Value Behavior Health, Inc.*, 208 F.3d 1073, 1081 (9th Cir. 2000)). The Court then declined to extend derivative standing to Plaintiff because of its "double-assignment structure." *Id.*

Plaintiff appealed and the Ninth Circuit issued an Order reversing and remanding Plaintiff's ERISA claim on the basis of a subsequent ruling—issued after this Court's decision—that clarified the Ninth Circuit's holding in *Simon*. 9th Cir. Order at 3. The Ninth Circuit held that the Court's reliance on *Simon* should be reviewed in light of *Bristol SL Holdings, Inc. v. Cigna Health and Life Insurance Company*, 22 F.4th 1086 (9th Cir. 2022), which discussed the ability of assignees to bring ERISA causes of action. *Id.* at 5 n. 3.

Moving Defendants allege that a second, subsequent assignment from a provider to a non-provider plaintiff is inconsistent with ERISA and does not constitute derivative standing. Mot. at 15. Plaintiff asserts that the Ninth Circuit's recent ruling in *Bristol* extends derivative

standing to this case. Opp'n at 23. Moving Defendants maintain that even though *Bristol* is binding caselaw, the facts of Plaintiff's case do not warrant *Bristol*'s application here. The Court agrees.

*Bristol* involved a health care provider that "went out of business and was forced into bankruptcy when Cigna abruptly stopped reimbursing for services provided." *Bristol*, 22 F.4th at 1088. Following Cigna's bankrupting of the health care provider, a federal bankruptcy process named the plaintiff in that case as a successor-in-interest. *Id.* The Ninth Circuit's opinion in *Bristol* concluded: "We hold only that the first assignee as a successor-in-interest through bankruptcy proceedings who owns all of one healthcare provider's health benefit claims has derivative standing." *Id.* at 1092. Thus, the extent of the Ninth Circuit's clarification in *Bristol* is "modest." *Bristol*, 22 F.4th at 1092. *Bristol* is not an affirmative enumeration of all the instances where derivative standing is acceptable. Instead, *Bristol* merely rejects *Simon*'s complete bar to derivative standing. *Simon*, 208 F.3d at 1081 ("Simon asks us to extend [this rule] to cover not only health care providers but also the assignee of health care providers. We decline.").

*Bristol* is factually distinguishable from the case at hand. *Bristol* involved a dispute between a single health care provider and a single insurance company, and the plaintiff in *Bristol* was the first assignee. *Id.* at 1090. Thus, the facts in *Bristol* involved "focused and specific" allegations against a single insurance company that denied all claims for the same reason. *Id.* Plaintiff here has not plead "specific and detailed" allegations, is not suing a single insurance company, and has had multiple chances to greater specify its claim. *See generally* SCAC. Moreover, Plaintiff is also not the first assignee because "each of the patients assigned all of their legal and equitable rights . . . to Morningside" and subsequently, "Morningside executed a written assignment . . . to ABC." SCAC ¶¶ 45, 73. Lastly, while the plaintiff in *Bristol* became a successor-in-interest as a result of a federal bankruptcy order, there is no evidence that Plaintiff became Morningside's assignee as a result of a federally mandated bankruptcy proceeding. *Bristol*, 22 F.4th at 1088. At base, Morningside's closing was not the result of being bankrupted by Moving Defendants' refusal to pay, as was the case in *Bristol*, but

rather appeared to be the result of Morningside's own actions. As referenced at argument, the Department of Justice indicted Morningside's owner for a "scheme to defraud several state Affordable Care Act programs of millions of dollars" by conspiring with others to enroll "individuals in ACA plans in states that paid the highest amount for substance abuse treatment" even though the individuals did not live in states where they were enrolled in plans.[1] As a result, the facts in this case are not sufficiently analogous to those in *Bristol* to warrant its application.

As Moving Defendants correctly note, the facts in this case are more analogous to the facts of *Simon*. *Simon* involved hundreds of patients who assigned their benefit claims to mental health care providers, and those providers subsequently assigned those claims to plaintiff. *Simon*, 208 F.3d at 1080. The Ninth Circuit in *Simon* refused to grant derivative standing on the grounds that health benefit claims would be transformed into a "freely tradeable commodity." *Id.* at 1081. Even though the underlying legal basis for allowing derivative standing in Simon was modestly expanded by the Ninth Circuit in *Bristol*, allowing derivative standing here nonetheless aligns with *Simon's* holding that benefit claims could be transformed into a "freely tradeable commodity." *Id.* Moreover, the plaintiff in *Simon* acquired claims for "the sole purpose of litigation," a policy issue the Ninth Circuit sought to limit so as not to diminish ERISA's core purpose. *Id.* at 1090 (characterizing *Simon* plaintiff). Here, Morningside's assignment of rights to Plaintiff is more closely analogous to the assignment in *Simon* because Plaintiff has not demonstrated a sufficient relationship to Morningside such that the core purpose of ERISA would be advanced by allowing derivative standing. *Id.* at 1081.

At oral argument, Plaintiff argued that the California assignment process is akin to the bankruptcy process that triggered the exception in *Bristol*. But the Court disagrees. The primary purpose of ERISA is to "provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). While the decision in *Bristol* was based on two federal bodies of law, applying *Bristol*'s exception to California's unique assignment

[1] *See* Press Release, United States Department of Justice, United States Attorney's Office, District of Connecticut, Owner of California Substance Abuse Treatment Facilities Charged in Scheme to Defraud ACA Programs, (Nov. 15, 2019), https://www.justice.gov/usao-ct/pr/owner-california-substance-abuse-treatment-facilities-charged-scheme-defraud-aca-programs

procedure would damage ERISA's core purpose and diminish the federal government's ability to implement a "uniform regulatory scheme." *Aetna*, 542 U.S. at 208.

Considering these points in the totality of facts and circumstances presented, the Court refuses to allow derivative standing. Moving Defendants' conduct does not fit within the narrowly prescribed ruling of *Bristol* such that derivative standing would be proper. As such, the Court DISMISSES Plaintiff's ERISA claim for lack of standing.

**ii. Assignment of Each ERISA Claim to Morningside**

Plaintiff alleges that the ERISA plan members "have assigned all of their legal and equitable rights to payment and to assert ERISA remedies under the ERISA plans" to Morningside. SCAC ¶ 73. Moving Defendants further argue that even if Plaintiff could have derivative standing, Plaintiff has failed to prove that each insured individual assigned their rights to benefits to Morningside, which subsequently assigned its rights to Plaintiff. Mot. at 14.

Plaintiff fails to plead its assignment claims with "supporting factual allegations" despite numerous opportunities to do so. *See DB Healthcare, LLC v. Blue Cross Blue Shield of Arizona, Inc.*, 2014 WL 3349920, at *8, *aff'd on other grounds*, 852 F.3d 868 (9th Cir. 2017). Plaintiffs have only appended sample assignments to their SCAC as evidence of their claims, but this is not sufficient. Plaintiff had ample opportunity to enumerate with specificity the process by which ERISA plan members "assigned all of their legal and equitable rights to payment" to Morningside. *See* SCAC ¶ 43. Plaintiff's claim that they have valid assignments is a legal conclusion that the Court is not required to accept without adequate factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff could have provided this signed documentation of assignment, or at least obtain authorization by members to provide unredacted versions of the sample assignments. Sample assignments are simply not enough, particularly not after years of dispute and multiple chances to correct these fatal flaws. *See DB Healthcare,* 2014 WL 3349920, at *8 (finding that none of the samples "contains any information identifying an enrollee …").

As such, the Court DISMISSES Plaintiff's ERISA claim.

**B. ABC Failed to Cite Specific Plans and Plan Terms**

Even if Plaintiff did have derivate standing, Moving Defendants allege that Plaintiff failed to identify both the plan and the plan terms at the center of this dispute. Mot. at 9.

Under 29 U.S.C. § 1132(a)(1)(B), an ERISA plan "participant or beneficiary" may bring an action "to recover benefits due to him *under the terms of his plan*." *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs., Inc.*, 805 F. App'x 530, 531 (9th Cir. 2020) (finding that dismissal was appropriate where complaint failed to "identify any ERISA plan, apart from vague references" or "any plan terms that specify benefits").

Plaintiff's allegations in the SCAC does not directly touch upon the specific plans and plan terms at issue.[2] For example, Plaintiff's SCAC makes the same allegation against multiple defendants, that they "failed and refused to pay, process or adjust these claims in appropriate fashion . . . ." *See, e.g.*, SCAC ¶¶ 246, 257, 268. These allegations, like many others throughout the SCAC, are merely conclusory. Ultimately, Plaintiff wrongly lumps what are likely distinct ERISA plans into "single set of generalized allegations." *Glendale Outpatient Surgery Ctr.*, 805 F. App'x at 531.

Plaintiff's reliance on *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross and Blue Shield of Georgia Inc.*, 892 F.3d 719, 730, to assert that they can bring a valid ERISA claim without reciting specific plan terms is misplaced. Opp'n at 31. Simply put, the Ninth Circuit dispelled that line of argumentation when it noted that "ABC did not even plead the specifics of the many plans it *did* possess." 9th Cir. Order at 2. In addition, Plaintiff's non-ERISA claims were already dismissed on the same basis —failure to plead specific plan provisions and improper reliance on sample plans—by the same Ninth Circuit Order, and so the Court declines to address these plans. *See id.*

Accordingly, Plaintiff has failed to allege sufficient facts with sufficient specificity such that this claim can survive the current motion.

**C. ABC's Claim is Dismissed with Prejudice**

---

[2] The Court fails to see how "a complete description of the services Morningside provided;" "services Morningside provided … are 'essential health benefits' under the Affordable Care act;" "Consolidated Defendants authorized [Morningside's] treatment;" "Morningside exhausted any and all claims review, grievance, administrative appeals, and appeals requirements;" that "Consolidated Defendants breached the statutory mandates of 26 U.S.C. § 9812, *et seq.*, and there are monies due and owing as a result;" and other propositions stated in Plaintiff's Opposition directly bear on the question of identifying specific plan terms or provisions. *See* Opp'n at 28-30.

Dismissal with prejudice is proper where the "allegations of the complaint make clear that plaintiff cannot state a claim." *Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133 (9th Cir. 2001) (citing *Lee v. City of Los Angeles* 250 F.3d 668, 692 (9th Cir. 2001)). As per the facts alleged, the Court fails to envision a scenario where granting leave to amend would cure the defects in Plaintiff's SCAC. Plaintiff has had numerous opportunities to elaborate on its claims; it has instead failed to increase the level of specificity in its pleadings. *Zucco Partners, LLC v. Digimarc*, 552 F.3d 981, 1007 (9th Cir. 2009). Plaintiff here does not demonstrate that filing another amended complaint would allege different or improved facts. Thus, Plaintiff's claim is dismissed with prejudice.

## IV. DISPOSITION

For the foregoing reasons, the Court **GRANTS** Moving Defendants' Motion to Dismiss and **DISMISSES WITH PREJUDICE** Plaintiff's SCAC.

DATED: June 13, 2022

David O. Carter

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE